**Stephen L. Madkour**, OSB No. 941091
Clackamas County Counsel
E-mail: smadkour@clackamas.us
**Sarah Foreman**, OSB No. 042859
Assistant County Counsel
E-mail: sforeman@clackamas.us
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR  97045-1819
Phone: 503-655-8362
Fax: 503-742-5397
Of Attorneys for Defendants Sherry Hall,
Rebekah Doll, and the Clackamas County
Clerk's Office

*[Counsel for other defendants on signature page]*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MEI: WONG; DANA: HINDMAN-ALLEN,** | Case No. 3:22-CV-01714-SB |
| Plaintiffs, | DEFENDANTS' JOINT MOTION TO DISMISS |
| v. | |
| **SHEMIA FAGAN, DEBORAH SCROGGIN, ALMA WHALEN, BOB ROBERTS, SHERRY HALL, REBEKAH DOLL, CLACKAMAS COUNTY CLERK'S OFFICE, and THE OFFICE OF THE SECRETARY OF THE STATE OF OREGON,** | |
| Defendants. | |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

LOCAL RULE 7-1 CERTIFICATION ..................................................................................... 1

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

LEGAL STANDARDS ............................................................................................................. 3

A.  Lack of Jurisdiction (Rule 12(b)(1)) ............................................................................ 3

B.  Failure to State a Claim (Rule 12(b)(6)) ...................................................................... 4

ARGUMENT ............................................................................................................................ 5

A.  The Court Lacks Subject-Matter Jurisdiction Because Plaintiffs Lack Standing .............. 5

1.  Plaintiffs do not allege an injury-in-fact. ............................................................ 6

2.  Plaintiffs' alleged injuries are not redressable. .................................................. 7

a.  Plaintiffs cannot obtain injunctive or declaratory relief because they cannot show that the same issues from the May 2022 election are likely to reoccur. ........................... 7

b.  Plaintiffs cannot recover damages........................................................ 10

i.  Damages claims against state officials in their official capacity are barred by sovereign immunity. ..................................................... 10

ii.  Damages against the individual defendants in their personal capacities are barred under 42 U.S.C. § 1983 and qualified immunity ................................. 10

3.  All Claims Against "The Office of Secretary of State of the State of Oregon" Must Be Dismissed Under Sovereign Immunity ............................................................. 12

B.  Plaintiffs Fail to State a Claim ................................................................................... 12

1.  Count I – 18 U.S.C. §§ 241 and 242 – Conspiracy Against Rights and Deprivation of Rights Under Color of Law.......................................................................... 12

2.  Count II – 42 U.S.C. § 1985 – Conspiracy To Interfere With Civil Rights ................. 12

3.  Counts III, V, VII - 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights ......... 14

a.  Plaintiffs do not allege a constitutional violation .................................... 14

b.  The Clackamas County Elections Office is not Liable Under Section 1983 (Count V)  16

4.  Count IV - Title VII of the Civil Rights Act of 1964 ................................................ 18

5.  Counts VI and IX – Respondeat Superior..................................................... 18

6.  Count VIII – Violation of Civil Rights Act of 1964 – Secretary of State ................... 18

CONCLUSION....................................................................................................................... 19

TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980) ........................................................................ 12

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .................................................................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 5, 18

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ........ 14

*Bennett v. Yoshina*, 140 F.3d 1218 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 23, 1998) .................................................................................................................. 15

*Bowyer v. Ducey*, 506 F. Supp. 3d 699 (D. Ariz. 2020) .............................................................. 15

*Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600 (1979) .................................................... 14

*City and Cty. of S.F., Calif. v. Sheehan*, 135 S. Ct. 1765 (2015) ............................................... 11

*Connick v. Thompson*, 563 U.S. 51 (2011) .................................................................................. 17

*Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960 (9th Cir. 2007) ......................................... 4, 7

*Davidson v. Kimberly–Clark Corporation*, 889 F.3d 956 (9th Cir. 2018) ................................... 8

*Davis v. City of Ellensburg*, 869 F.2d 1230 (9th Cir 1989) ........................................................ 17

*DeJonge v. Oregon*, 299 U.S. 353 (1937) .................................................................................... 15

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011) ........................................................ 17

*Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449 (2007) ...................................... 9

*Flores v. Cnty. Of Los Angeles*, 758 F.3d 1159 (9th Cir. 2014) ................................................. 17

*Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846 (9th Cir. 1999) ....................................... 12

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ........................................................ 12, 13, 14

*Gillette v. Delmore*, 979 F.2d 1342 (1992) .................................................................................. 17

*Gitlow v. New York*, 268 U.S. 652 (1925) .................................................................................... 15

*Goldstein v. City of Long Beach*, 715 F.3d 750 (9th Cir. 2013) .................................................. 10

*Green v. Mansour,* 474 U.S. 64 (1985) ........................................................................................ 10

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) .............................................................................. 13

*Hahn v. Sargent*, 523 F.2d 461 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976) ................... 13

*Hamamoto v. Ige*, 881 F.3d 719 (9th Cir. 2018) ........................................................................... 8

*Headwaters, Inc. v. Bureau of Land Management*, 893 F.2d 1012 (9th Cir. 1989) ...................... 4

*Hollingsworth v. Perry*, 570 U.S. 693 (2013) ........................................................................... 4, 6

*Hossman v. Blunk*, 784 F.2d 793 (7th Cir. 1986) ........................................................................ 13

*In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ................................................. 5

*Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621 (9th Cir. 1988) ............................... 13

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018) .................................................................................... 11

*Larez v. City of L.A.*, 946 F.2d 630 (9th Cir. 1991) .................................................................... 10

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) ................................................................ 4

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ......................................................... 3, 5, 6, 7

*Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011) .................................................................. 3

*Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978) ................. 1, 17, 18

*Murphy v. Hunt,* 455 U.S. 478 (1982) ........................................................................................... 8

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528 (9th Cir. 2019) ....................................................................................................................................... 3

*Nelsen v. King Cty.,* 895 F.2d 1248 (9th Cir. 1990) ................................................................... 7, 8

*OSU Student All. v. Ray*, 699 F.3d 1053 (9th Cir. 2012) ............................................................ 18

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) ............................ 10

*Pac. Nw. Generating Co-op. v. Brown*, 822 F. Supp. 1479 (D. Or. 1993), *aff'd*, 38 F.3d 1058 (9th Cir. 1994) ................................................................................................................................. 4
*Papasan v. Allain,* 478 U.S. 265 (1986) ................................................................................. 9
*Pearson v. Callahan*, 555 U.S. 223 (2009) ........................................................................... 11
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) .................................. 10, 12
*Powell v. McCormack*, 395 U.S. 486 (1969) .......................................................................... 9
*Protectmarriage.com-Yes on 8 v. Bowen,* 752 F.3d 827 (9th Cir. 2014) ................................. 8
*Rubin v. City of Santa Monica,* 308 F.3d 1008 (9th Cir. 2002) ............................................. 4
*Sampson v. Cty. of L.A. by and through L.A. Cty. Dep't of Children and Family Servs.*, 974 F.3d 1012 (9th Cir. 2020) ................................................................................................................ 11
*San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121 (9ᵗʰ Cir. 1996) ........................ 16
*Saucier v. Katz*, 533 U.S. 194 (2001) ................................................................................... 11
*Schaefer v. Townsend*, 215 F.3d 1031 (9th Cir. 2000) ........................................................... 8
*Schowengerdt v. United States*, 944 F.2d 483 (9ᵗʰ Cir. 1991)). ............................................. 16
*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012) .................................... 5
*Spencer v. Kemna*, 523 U.S. 1 (1998) ..................................................................................... 4
*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ........................................................... 3, 4, 6, 7
*Trevino v. Gates*, 99 F.3d 911 (1996) ................................................................................... 17
*Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635 (2002) ................ 9
*Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244 (D. Or. 2013) ..................................... 12
*West v. Atkins*, 487 U.S. 42 (1988) ....................................................................................... 14
*White v. Lee*, 227 F.3d 1214 (2000) ..................................................................................... 16
*White v. Pauly*, 137 S. Ct. 548 (2017) ................................................................................. 11
*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ....................................................... 12

## Statutes

18 U.S.C. § 241 .................................................................................................................. 12
18 U.S.C. § 242 .................................................................................................................. 12
42 U.S.C § 2000 ................................................................................................................. 18
42 U.S.C. § 1983 ............................................................................................. 14, 16, 17, 18
42 U.S.C. § 1985 ......................................................................................................... 12, 13
52 U.S.C. § 10101 .............................................................................................................. 18
ORS 254.529(1) ................................................................................................................... 6
ORS 291.002(8) ................................................................................................................. 12

## Rules

Fed. R. Civ. Pro. 8(a)(2) ..................................................................................................... 13

## Constitutional Provisions

U.S. Const. amend. I .......................................................................................................... 15

## LOCAL RULE 7-1 CERTIFICATION

Defense counsel offered to confer by telephone conference with both Plaintiffs about the grounds for this motion, but they declined to confer before this motion was filed.

## INTRODUCTION

Defendants move to dismiss for lack of jurisdiction and failure to state a claim. This Court lacks subject-matter jurisdiction for two reasons. First, Plaintiffs do not allege a particularized injury-in-fact: rather they allege that certain election procedures were not followed, unconnected to any particularized injury or even an alleged error in their own races. Second, Plaintiffs' alleged injury is not redressable. Injunctive relief is not available, because they allege no *future* injury. Damages relief is not available, because the individual defendants are entitled to qualified immunity, the County cannot be made liable for alleged aberrational failures under *Monell*, and a state agency is not subject to Section 1983 damages actions.

Plaintiffs also fail to state a claim. Some of the claims they allege are not civil claims at all (respondeat superior, criminal statutes). Another claim (Title VII) has no applicability to this factual context. And, for the remaining causes of action (42 U.S.C. § 1983, 42 U.S.C. § 1985, Title I of the Civil Rights Act), Plaintiffs fail to allege the facts necessary to meet the elements of those claims.

Accordingly, Plaintiffs' claims should be dismissed.

## BACKGROUND

Two Oregon candidates for the May 2022 primary election claim that Defendants violated their federal civil and constitutional rights because, they allege, a risk-limiting audit or a hand-count was not performed as required by Oregon law. Plaintiff Mei Wong was a candidate for the Metro District 2 public office in the May 2022 primary election.  Compl. ¶ 6.

Page 1- DEFENDANTS' JOINT MOTION TO DISMISS

Plaintiff Dana Hindman-Allen was a candidate for Clackamas County Commissioner in the May 2022 primary election. Compl. ¶ 7. Each Plaintiff lost her election. *See* Certified Results of Metro, District 2 for the May 17, 2022 General Election, available at https://multco-web7-psh-files-usw2.s3-us-west-2.amazonaws.com/s3fs-public/2022-05_metro_dist_2_combined.pdf (showing Ms. Wong receiving 20,717 votes; the winner received 42,658 votes); Clackamas County, Official Certified Results of the May 17, 2022 Primary, at 20 available at https://dochub.clackamas.us/documents/drupal/34a8e57a-ef9c-4c89-9672-e356f69557d3 (showing Ms. Hindman-Allen receiving 13,009 votes (13.37%); two candidates that qualified for the runoff received 46,634 (47.93%) and 35,481 (36.47%) votes, respectively).

Plaintiffs filed this lawsuit five months after those results were certified. Plaintiffs allege irregularities in the Clackamas County election primary included (1) misprinting over 60% of ballots in Clackamas County; (2) observers in Clackamas County Elections Office prior to office hours; (3) manually inputting wrong results from Clackamas County to Secretary of State's websites; and (4) vote counts dropping on the Secretary of State's website reporting unofficial results. Compl. ¶ 17. The Complaint also alleges that Plaintiff Wong took screen shots of the Secretary of State's election website at several points in time and observed that the votes decreased. Compl. ¶ 16. Plaintiffs allege their requests to open investigations and perform a risk-limiting audit and full hand recount of original ballots were denied. Compl. ¶¶ 21-22. In fact, the Secretary of State ordered "Clackamas County to conduct an additional hand recount of the ballots cast in its 2022 Primary Election." *See* Secretary of State Directive 2022-05 (June 9, 2022), available at https://sos.oregon.gov/elections/Documents/Directive-ClackamasRecountFinal-2022.pdf.

Plaintiffs allege that they suffered injuries and damages from the violation of their (1) First Amendment rights ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people to peaceably to assemble and to petition the Government for a redress of grievances"); (2) Ninth Amendment rights ("The enumeration of the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people") and (3) Fourteenth Amendment rights ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws"). Compl. ¶ 23.  Plaintiffs' request compensatory and punitive damages and a permanent injunction "to adopt appropriate policies related to hiring and supervision of [Defendants'] staff in regard to Complaints, Public Records Requests, Elections and Ballot Security, and recourse for Candidates rights." Compl. pg. 19.

## LEGAL STANDARDS

### A.    Lack of Jurisdiction (Rule 12(b)(1))

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A plaintiff has the burden of establishing that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

An "injury in fact" is the violation of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v.*

Page 3- DEFENDANTS' JOINT MOTION TO DISMISS

*Def. of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff cannot establish standing by asserting

an abstract 'general interest common to all members of the public,' 'no matter how sincere' or

'deeply committed' a plaintiff is to vindicating that general interest on behalf of the public."

*Carney v. Adams*, 141 S. Ct. 493, 499 (2020) (quoting *Hollingsworth v. Perry*, 570 U.S. 693,

706–707 (2013)). In addition, "[a] 'concrete' injury must be 'de facto'; that is, it must actually

exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

Article III requires that a case continues to present a case or controversy for its entire

duration. See *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). ("This case-or-controversy requirement

subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must

continue to have a 'personal stake in the outcome' of the lawsuit.'" (quoting *Lewis v.

Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "Where the activities sought to be

enjoined have already occurred, and the...courts cannot undo what has already been done, the

action is moot." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007)

(internal quotation omitted). "Generally, a case is rendered moot when the issues presented are

no longer live or the parties lack a legally cognizable interest in the outcome." *Rubin v. City of

Santa Monica,* 308 F.3d 1008, 1013 (9th Cir. 2002) (internal quotations omitted). Mootness is

"determined on a claim by claim basis." *Pac. Nw. Generating Co-op. v. Brown*, 822 F. Supp.

1479, 1506 (D. Or. 1993), *aff'd*, 38 F.3d 1058 (9th Cir. 1994) (citing *Headwaters, Inc. v.

Bureau of Land Management*, 893 F.2d 1012, 1015-16 (9th Cir. 1989) (separately addressing

mootness issue as to injunctive relief and declaratory relief)).

## B.    Failure to State a Claim (Rule 12(b)(6))

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and

plain statement of the claim…." A complaint "must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (internal quotation marks and citation omitted). A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss under Rule 12(b)(6), a court engages in a two-step analysis. First, the court must identify "mere conclusions" that are "not entitled to the assumption of truth." *Id.* at 664. Second, though "detailed factual allegations" are unnecessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Courts are not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The court has discretion to take judicial notice of matters in the public record at any stage of a proceeding. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

## ARGUMENT

### A.    The Court Lacks Subject-Matter Jurisdiction Because Plaintiffs Lack Standing

To meet the constitutional "case or controversy" requirement, a plaintiff must establish that (1) they have suffered an "injury in fact"; (2) the injury is fairly traceable to the challenged law; and (3) the requested relief would redress the injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Plaintiffs never suffered an injury in fact sufficient for standing. They also cannot establish redressability because they cannot obtain prospective or retrospective relief. Plaintiffs cannot obtain a prospective injunctive relief because they are not likely to suffer a future injury. They cannot obtain retrospective relief because damages are barred by sovereign immunity and qualified immunity. For these reasons, Plaintiffs' complaint should be dismissed for lack of jurisdiction.

Page 5- DEFENDANTS' JOINT MOTION TO DISMISS

### 1.    Plaintiffs do not allege an injury-in-fact.

To allege a cognizable injury, a plaintiff must demonstrate that the defendant infringed on a legally protected interest, causing "concrete and particularized" "actual or imminent" harm, as opposed to one that is "conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations omitted); *see also Spokeo, Inc. v. Robbins,* 578 U.S. 330, 339 (2016) ("A 'concrete' injury must be 'de facto'; that is, it must actually exist."). "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Carney v. Adams,* 141 S. Ct. 493, 498 (2020) (citing *Hollingsworth v. Perry,* 570 U.S. 693, 706 (2013)).

The only harm that Plaintiffs allege is that their request for a risk-limiting audit was denied. Compl. ¶¶ 21-22. As such, they claim that a cause of action under the First, Ninth and Fourteenth Amendment of the U.S. Constitution. Compl. ¶ 3. Plaintiffs do not assert that any votes in their favor were compromised because of technical errors. They do not allege that the wrong candidate was declared the winner nor that the errors rendered the election results as uncertain. Plaintiffs simply assert that because their request to open a risk-limiting audit was declined, their constitutional rights were denied. Compl. ¶¶ 23e-h, 24.

Plaintiffs' allegation that the audit they demanded did not occur is not itself a particularized injury. Compl. ¶ 22 ("Requests for a Risk Limiting Audit and Full Hand Count of original ballots was denied prior to certification"). Under state law, county clerks have a *choice* of post-election audit procedures: either a hand count of ballots which is compared to vote tally system results, or a risk-limiting audit. *See* ORS 254.529(1); Directive of the Secretary of State No. 2021-2, dated September 22, 2021, available at https://sos.oregon.gov/elections/Documents/Directive-2021-2-Post-Election-Audits.pdf. Even under state law, a county clerk retains statutory discretion to determine the post-election procedure to employ to confirm the accuracy of the machine count.  Regardless, Plaintiffs do not allege any personalized injury stemming from Clackamas County's choice.  Further, the

Secretary of State directed Clackamas County to conduct an additional hand count in response to the very issue that Plaintiffs assert in the Complaint: misprinted ballots that could were not machine-readable. *See* Directive of the Secretary of State No. 2022-05, dated June 9, 2022, available at https://sos.oregon.gov/elections/Documents/Directive-ClackamasRecountFinal-2022.pdf.  In fact, Plaintiff Hindman-Allen's race was indeed randomly selected for a hand recount. *Id.* at 2.

In any event, Plaintiffs' interest in a "Risk Limiting Audit and Full Hand Recount," absent any allegation that it would change the outcome of their race, is shared in common with the other members of the public. As Plaintiffs themselves assert, their interest "[d]oes not stop at the individual level. The people, the communities and the public at large have a vested interest in the process of elections being managed and carried out in a fair, just and righteous manner." Compl. pg. 19. As such, it is simply a generalized grievance about the abstract interest in the proper application of the law. *See Carney*, 141 S. Ct. at 499. Thus, the Complaint should be dismissed because Plaintiffs cannot establish that they suffered a concrete, particularized injury. *See Spokeo, Inc.*, 578 U.S. 330 at 340 ("Article III standing requires a concrete injury even in the context of a statutory violation.").

## 2.    Plaintiffs' alleged injuries are not redressable.

### a.    *Plaintiffs cannot obtain injunctive or declaratory relief because they cannot show that the same issues from the May 2022 election are likely to reoccur.*

Even assuming Plaintiffs had suffered an injury due to alleged "[i]rregularities and security violations" in the May 2022 primary, to maintain standing for prospective relief they must also show the immediate threat of repeated injury. *See Nelsen v. King Cty.,* 895 F.2d 1248, 1251 (9th Cir. 1990). Plaintiffs must also show that the requested relief would redress the injury. *Lujan,* 504 U.S. at 560.

"Where the activities sought to be enjoined have already occurred, and the … courts cannot undo what has already been done, the action is moot." *Ctr. for Biological Diversity*, 511

F.3d at 964 (internal quotation omitted). The minimum requirement for standing to seek an

injunction is that future harm is "certainly impending":

> For injunctive relief, which is a prospective remedy, the threat of
> injury must be "actual and imminent, not conjectural or
> hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493
> (2009). In other words, the "threatened injury must be *certainly
> impending* to constitute injury in fact" and "allegations of *possible*
> future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568
> U.S. 398, 409 (2013) (internal quotation marks and alteration
> omitted). Past wrongs, though insufficient by themselves to grant
> standing, are "evidence bearing on whether there is a real and
> immediate threat of repeated injury." *City of Los Angeles v. Lyons*,
> 461 U.S. 95, 102 (1983) (internal quotation marks omitted). Where
> standing is premised entirely on the threat of repeated injury, a
> plaintiff must show "a sufficient likelihood that he will again be
> wronged in a similar way." *Id.* at 111.

*Davidson v. Kimberly–Clark Corporation*, 889 F.3d 956, 967 (9th Cir. 2018) (parallel citations

omitted).

The Court retains jurisdiction over cases that would otherwise be moot but are capable of

repetition yet evading review. Under the "capable of repetition, yet evading review" exception, a

court will decline to dismiss an otherwise moot action if: "(1) the challenged action is in its

duration too short to be fully litigated prior to cessation or expiration, and (2) there is a

reasonable expectation that the same complaining party will be subject to the same action again."

*Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (citing *FEC v. Wisc.

Right To Life, Inc.*, 551 U.S. 440, 462 (2007).). If, as this Motion argues above, Plaintiffs do "not

have standing in the first place," they cannot invoke the exception. *Nelsen*, 895 F.2d at 1254. But

even when a plaintiff has standing when a case begins, this exception to mootness "applies only

in exceptional situations ...." *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (internal

quotations omitted). A plaintiff must show either a "'reasonable expectation' or a 'demonstrated

probability' that the same controversy will recur." *Murphy v. Hunt,* 455 U.S. 478, 482 (1982).[1]

---

[1] "[T]he standards for evaluating the threat of future harm under the standing and mootness
doctrines are similar ...." *Nelsen*, 895 F.2d at 1254. "Generally, a case is rendered moot 'when
the issues presented are no longer "live" or the parties lack a legally cognizable interest in the
outcome.'" *Schaefer v. Townsend*, 215 F.3d 1031, 1033 (9th Cir. 2000) (citing *Powell v.
McCormack,* 395 U.S. 486, 496 (1969)).

Plaintiffs are unable to make this showing for two reasons. First, Plaintiffs do not allege that they are likely to suffer the same injury in the future because, they have not alleged that they are again running for office in Clackamas County.

Second, Plaintiffs do not allege facts to show that the actions that form the basis of their complaint will occur in the future. Plaintiffs allege that the Clackamas County Elections office "[m]isprint[ed] over 60% of ballots," allowed "observers … prior to office hours," and "manually input[] wrong results" in the election-night reporting system. Compl. ¶ 17. Plaintiffs do not allege these actions were made based on intentional policy decisions of the Clackamas County Clerk's office. Plaintiffs do not even allege any of these unprecedented anomalies occurred before or since. Most importantly, Plaintiffs do not allege that these "irregularities" recurred in the 2022 general election and allege no facts to infer that they are likely to recur in the future. And Ms. Hall no longer leads the Clackamas County Clerk's office; that change of leadership makes that inference that any past mistake is likely to recur even more unreasonable. For these reasons, there is no reasonable expectation that Plaintiffs "will be subject to the same action again." *Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007).

Plaintiffs request for declaratory relief fails for the same reason. To seek declaratory relief in federal court, a plaintiff must establish that there is an ongoing controversy between the parties that involves a substantial, adverse legal interest and is of sufficient immediacy to warrant judicial intervention. Like injunctive relief, "[t]he availability of declaratory relief depends on whether there is a live dispute between the parties…." *Powell v. McCormack*, 395 U.S. 486, 517–18 (1969).[2]

---

[2] Plaintiffs' request for a declaratory judgment against individual state defendants in their official capacities is also barred by sovereign immunity. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). Whether requested relief is prospective, or retrospective is determined by "the substance rather than … the form of relief sought." *Papasan v. Allain,* 478 U.S. 265, 279 (1986). Thus, the *Ex Parte Young* exception to the Eleventh

Plaintiffs have not shown any likelihood that this same dispute will recur. Thus, even if they originally had standing when the suit was filed, there is no basis for prospective relief at this stage.

### b.    *Plaintiffs cannot recover damages.*

The complaint seeks compensatory and punitive damages. Compl. at page 19 (Claim for Relief, ¶ B). Because it is a legal certainty that Plaintiffs cannot recover damages, that request does not save the Court's subject-matter jurisdiction.

### i.    Damages claims against state officials in their official capacity are barred by sovereign immunity.

The State's absolute sovereign immunity from suit extends to state officials sued in their official capacities, because "the state is the real, substantial party in interest" in such suits. *Pennhurst*, 465 U.S. at 101 (internal quotation marks and citation omitted). "A suit against a governmental officer in [her] official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). "States and state officials acting in their official capacities cannot be sued for damages under Section 1983." *Goldstein v. City of Long Beach*, 715 F.3d 750, 753 (9th Cir. 2013) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Accordingly, Plaintiffs cannot obtain damages against the state defendants in their official capacity.

### ii.    Damages against the individual defendants in their personal capacities are barred under 42 U.S.C. § 1983 and qualified immunity

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sampson v. Cty. of L.A. by and through L.A.*

---

Amendment "does not permit judgments against state officers declaring that they violated federal law in the past …." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Rather, the Eleventh Amendment limits federal courts to issuing declaratory and injunctive relief against state officials to stop a continuing violation of federal law. *Green v. Mansour,* 474 U.S. 64, 73–74 (1985) (denying petitioners' request for declaratory judgment after a change in federal law rendered their complaint moot).

*Cty. Dep't of Children and Family Servs.*, 974 F.3d 1012, 1018 (9th Cir. 2020) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The protection applies to "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotations omitted). To determine whether a government official is entitled to qualified immunity, courts conduct a two-prong analysis to determine whether: (1) the plaintiff has plausibly alleged a violation of a constitutional right, and (2) that constitutional right was "clearly established" at the time of the alleged violative conduct. *Pearson*, 555 U.S. at 236. The Court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Plaintiffs have not plausibly alleged a violation of federal law. *See* § B, below. Even if they had, their claims would still fail the second prong of the qualified immunity inquiry because any such federal right was not clearly established. "[F]or a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate …." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (citing *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam)); *see also City and Cty. of S.F., Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [her] shoes would have understood that [she] was violating it.") (internal quotation omitted). Even where a constitutional right is clearly established, qualified immunity may bar damages if it was "difficult for [the defendant] to determine how the relevant legal doctrine ... will apply to the factual situation the [defendant] confronts ...." *Saucier v. Katz*, 533 U.S. 194, 205 (2001), *overruled in part on other grounds by, Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Plaintiffs' claims clearly fail that test. There is no basis for finding a violation of federal law, much less a violation of a clearly established federal right. Damages against the individual Defendants in their personal capacities are therefore barred by qualified immunity.

**3.    All Claims Against "The Office of Secretary of State of the State of Oregon" Must Be Dismissed Under Sovereign Immunity**

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, state agencies, like the "Office of Secretary of State" named in the complaint, cannot be sued unless the State expressly consents to suit. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999). Outside of the Secretary of State's role as a constitutional officer in her own right, the Secretary of State is a state agency. *See* ORS 291.002(8).

Neither the State nor the Office of Secretary of State has consented to suit. *See Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013). Nor are such suits against state agencies permitted under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, all claims against "the Office of Secretary of State" (i.e., the agency itself) must be dismissed.

**B.    Plaintiffs Fail to State a Claim**

**1.    Count I – 18 U.S.C. §§ 241 and 242 – Conspiracy Against Rights and Deprivation of Rights Under Color of Law**

18 U.S.C. § 241 and 242 is part of the federal criminal code and cannot be asserted by Plaintiffs. The federal criminal statutes do not confer a private cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241-242 did not confer a private cause of action because they were criminal). This claim should be dismissed with prejudice.

**2.    Count II – 42 U.S.C. § 1985 – Conspiracy To Interfere With Civil Rights**

42 U.S.C. § 1985 covers all deprivations of equal protection of the laws and equal privileges and immunities under the laws, regardless of their source. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). Section 1985 makes the following conspiracies unlawful: (1)

Page 12- DEFENDANTS' JOINT MOTION TO DISMISS

preventing a United States officer from performing their duty; (2) intimidating a party, witness, or juror in a United States court or obstructing justice in any state or territory; and (3) depriving a person or class of persons of the equal protection of the laws. *Hossman v. Blunk*, 784 F.2d 793 (7th Cir. 1986). Plaintiffs' complaint does not indicate which section they are making a claim under, thus failing to comply with Fed. R. Civ. Pro. 8(a)(2).

If Plaintiffs are asserting a claim pursuant to 42 U.S.C. § 1985(3), they must allege four elements: (1) conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws or equal privileges or immunities under the laws, (3) an act by one of the actors in furtherance of the conspiracy, and (4) personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641, citing, *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). Furthermore, a claim under Section 1985, must allege a conspiracy motivated by some racial or class-based invidiously discriminatory animus. *Gillespie v. Civiletti*, 629 F.3d at 641; *Griffin*, 403 U.S. at 102. This requirement has been interpreted to mean that the complaint must allege facts showing that the defendant conspired against the plaintiff because of his or her membership in a class and that the criteria defining the class was invidious. *Hahn v. Sargent*, 523 F.2d 461, 496 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976); *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1988) (a claim under Section 1985 must allege facts to support the allegation that defendants conspired together).

Plaintiffs fail to allege facts that support Defendants' actions meet the elements listed above. Plaintiffs suggest that there was discrimination because a minority candidate's request was not acted on. Compl. ¶ 21. This allegation is not only vague but completely devoid of facts

that their race was a factor nor that there were any invidious intentions on behalf of any Defendants. This claim should be dismissed with prejudice.

   3.      **Counts III, V, VII - 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights**

          a.      *Plaintiffs do not allege a constitutional violation*

   42 U.S.C. § 1983 is based upon the Fourteenth amendment and thus concerns deprivations of rights that are accomplished under the color of state law. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). To state a claim under Section 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

   "One cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 617 (1979). Rather, that statute "serve[s] only to ensure that an individual had a cause of action for violations of the Constitution…." *Id.* The Complaint omits what underlying substantive claims the Plaintiffs are asserting under Section 1983. *See* Compl. ¶¶ 36-37, 40-45, 48-53. Plaintiffs generally allege that their First and Fourteenth Amendments were violated, and Defendants can only assume that is what Plaintiffs are incorporating for their Section 1983 claims. Compl. ¶¶ 3, 23.

   "To state a claim under Section 1983 for [an equal protection violation], a plaintiff must show that the defendants acted with an intent or purpose to discriminate against plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Plaintiffs do not allege they are part of a protected class or that they were discriminated because of their protected class. Plaintiffs make a vague reference to "open[ing] a complaint …for one candidate and not open[ing one] for other candidates, one minority candidate, resulting in discrimination." Compl. ¶ 21. But that

Page 14- DEFENDANTS' JOINT MOTION TO DISMISS

allegation itself suggests a complaint was not opened in response to requests from multiple candidates, only one of whom is a minority candidate. That does not raise Plaintiffs' right to relief on an equal protection claim beyond a speculative level.

To the extent that the Complaint asserts other Fourteenth Amendment claims, the Ninth Circuit "ha[s] drawn a distinction between 'garden variety' election irregularities and a pervasive error that undermines the integrity of the vote. In general, garden variety election irregularities do not violate the Due Process Clause, even if they control the outcome of the vote or election." *Bennett v. Yoshina*, 140 F.3d 1218, 1226 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 23, 1998). To state a federal claim under this standard, a plaintiff must allege "(1) likely reliance by voters on an established election procedure and/or official pronouncements about what the procedure will be in the coming election; and (2) significant disenfranchisement that results from a change in the election procedures." *Id.* at 1226–27. "Mere fraud or mistake will not render an election invalid." *Id.* at 1226. Under this test, the sort of "garden-variety" dispute over election administration the complaint alleges is governed by state law, not federal constitutional law. *See Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711–12 (D. Ariz. 2020) (holding alleged state-law violations as insufficient to state a federal constitutional claim).

The First Amendment prohibits the government from "abridging the freedom of speech" and guarantees "the right of people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I. These freedoms have been incorporated against the states through the Fourteenth Amendment. *See Gitlow v. New York*, 268 U.S. 652 (1925) (speech); *DeJonge v. Oregon*, 299 U.S. 353 (1937) (assembly and petition). In this case, Plaintiffs may be alleging that their request for an audit and hand count were petitions to the

Government for a "redress of grievances." Compl ¶¶ 21, 22 and 23(f). However, for a Section

1983 claim to be viable, the allegations in the complaint must demonstrate that the Plaintiffs

were retaliated against or "chilled" after making such a request. *White v. Lee*, 227 F.3d 1214,

1228 (2000) (government officials violate this provision when their acts "would chill or silence

a person of ordinary firmness from future First Amendment activities," by for example, "the

threat of invoking legal sanctions and other means of coercion, persuasion and intimidation").

The complaint states that the Plaintiffs requested an audit and hand recount and that the requests

were denied.  Compl. ¶ 22. Plaintiffs have no further allegations regarding suppressing speech,

assembly or that their rights to redress grievances.

Plaintiffs also cannot state a Section 1983 claim for a violation of the Ninth Amendment

of the United States Constitution. "[T]he Ninth Amendment 'has not been interpreted as

independently securing any constitutional rights for purposes of making out a constitutional

violation.'" *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996)

(quoting *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991)). Therefore, this

claim should be dismissed with prejudice.

> **b.    *The Clackamas County Elections Office is not Liable Under Section 1983 (Count V)***

As discussed above, the State has sovereign immunity for Section 1983 claims and to the

extent Plaintiffs are alleging this against individuals with the County, qualified immunity

applies.  In addition, as is explained below, Plaintiffs fail to state a Section 1983 *Monell* claim.

For the purposes of this 42 U.S.C. § 1983 claim, the County assumes Plaintiffs are

intending to sue Clackamas County in lieu of Clackamas County Clerk's Office as it is the

governing municipality. To state a Section 1983 claim against the County, Plaintiffs bear the

burden to show that the County's employees or agents acted pursuant to a custom, pattern,

policy, or practice that violates Plaintiffs' rights. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 690-91 (1978). To establish *Monell* liability, a plaintiff must allege that (1) she was deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the plaintiff's constitutional rights; and (4) the policy, custom, or practice was the "moving force" behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citations omitted). A municipality is not liable under § 1983 for acts of negligence by one of its employees or for the occurrence of an unconstitutional act by the non-policymaking employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir 1989).

    Plaintiffs do not allege that the Clerk's office had an official policy in violation of their rights, nor do they point to a longstanding practice or custom which would "constitute[] the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342, at 1346-47 (1992)). With respect to training, courts have consistently found that a plaintiff must offer more than a blanket statement that a municipality failed to adequately train its staff in a particular manner. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Under this standard, a [plaintiff] must allege facts to show that the [defendant] disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Flores v. Cnty. Of Los Angeles*, 758 F.3d 1159 (9th Cir. 2014) (internal quotation marks and citation omitted).

    Plaintiffs have failed to allege facts sufficient to support a Section 1983 *Monell* claim against Clackamas County (and the Clerk's Office) and the claim should be dismissed with prejudice.

Page 17- DEFENDANTS' JOINT MOTION TO DISMISS

4.    **Count IV - Title VII of the Civil Rights Act of 1964**

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. 42 U.S.C § 2000 et al. Title VII applies to employers and employees. Plaintiffs do not allege they were State or County employees. Title VII of the Civil Rights Act cannot be asserted by Plaintiffs and this claim should be dismissed with prejudice.

5.    **Counts VI and IX – Respondeat Superior**

There is not an independent cause of action known as "respondeat superior." Plaintiffs' allegations in the complaint do not specifically allege any facts to help clarify these counts. There is also no respondeat superior liability under § 1983. "Section 1983 suits . . . do not support vicarious liability. . . . To state a valid § 1983 claim, 'a plaintiff must plead that each government-official defendant, through the official's own individual actions, ha[s] violated the Constitution.'" *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 676); *see also Monell v. New York City Department of Social Services,* 436 U.S. 658, 693-94 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Therefore, this claim should be dismissed with prejudice.

6.    **Count VIII – Violation of Civil Rights Act of 1964 – Secretary of State**

The Civil Rights Act of 1964 contains 11 Titles. Only Title I concerns elections; Defendants assume that is the cause of action Plaintiffs intend to assert. Section 101 of Title I (now codified at 52 U.S.C. § 10101) disallows literacy tests or other requirements immaterial to an elector's qualification to vote. The Complaint does not allege that Defendants made any unlawful "determin[ation] whether any individual is qualified … to vote," § 10101(a)(2)(A), "den[ied] the right of any individual to vote in any election because of an [immaterial] error or omission," § 10101(a)(2)(B), or "employ[ed] any literacy test," § 10101(a)(2)(C). Accordingly, Plaintiffs have failed to state a claim, and it should be dismissed with prejudice.

## CONCLUSION

The complaint should be dismissed.

Respectfully submitted this 17th day of January, 2023.

STEPHEN L. MADKOUR
CLACKAMAS COUNTY COUNSEL

/s/ Sarah Foreman
Sarah Foreman, OSB No. 042859
Assistant County Counsel
E-mail:   sforeman@clackamas.us
Stephen L. Madkour, OSB No. 941091
E-mail: smadkour@clackamas.us
Of Attorneys for Defendants Sherry Hall,
Rebekah Doll, and the Clackamas County
Clerk's Office

**For the State of Oregon et al.**

/s/ Brian S. Marshall
Brian S. Marshall, OSB No. 196129
Senior Assistant Attorney General
Bijal C. Patel, OSB No. 224694
Assistant Attorney General
Telephone: (971) 673-1880
Fax: (971) 673-5000
Brian.S.Marshall@doj.state.or.us
Bijal.C.Patel@doj.state.or.us
Of Attorneys for Shemia Fagan, Deborah
Scroggin, Alma Whalen, Bob Roberts, and the
Office of the Secretary of the State of Oregon

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a true and correct copy of the foregoing

DEFENDANTS' JOINT MOTION TO DISMISS, on:

Mei Wong
13203 SE 172nd Avenue                          _x_  First Class Mail
Suite 166, No. 749                             _x_  E-serve
Happy Valley, OR 97086                         _x_  E-mail
danaandmei2@gmail.com

Dana Hindman-Allen
13203 SE 172nd Avenue                          _x_  First Class Mail
Suite 166, No. 749                             _x_  E-serve
Happy Valley, OR 97086                         _x_   E-mail
danaandmei2@gmail.com

       Dated this 17th day of January, 2023.

                      STEPHEN L. MADKOUR
                      CLACKAMAS COUNTY COUNSEL

                      /s/ Sarah Foreman
                      Sarah Foreman, OSB No. 042859
                      Assistant County Counsel
                      E-mail:  sforeman@clackamas.us
                      Stephen L. Madkour, OSB No. 941091
                      E-mail: smadkour@clackamas.us
                      Of Attorneys for Defendants Sherry Hall,
                      Rebekah Doll, and the Clackamas County
                      Clerk's Office