**Mei Wong**
**Dana Hindman-Allen**
c/o 13203 SE 172nd Avenue, Suite 166, No. 749
(City of) Happy Valley,
The State of Oregon
Zip Code Excepted [*97086*]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| Mei: Wong;<br>Dana: Hindman-Allen,<br><br>     Plaintiff(s)<br><br>v.<br><br>SHEMIA FAGAN, DEBRA SCROGGIN,<br>ALMA WHALEN, BOB ROBERTS,<br>SHERRY HALL, REBEKAH DOLL,<br>CLACKAMAS COUNTY CLERK'S<br>OFFICE and THE OFFICE OF THE<br>SECRETARY OF THE STATE OF<br>OREGON<br><br>     Defendant(s) | DOCKET/CASE NO. 3:22-CV-01714-SB<br><br><br>PLAINTIFF'S RESPONSE AND<br>OBJECTION TO DEFENDANT'S<br>MOTION TO DISMISS<br><br><br><br>JURY TRIAL DEMANDED<br>DEMAND FOR ORAL ARGUMENT |

**This is a court of record.**

### PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S
### MOTION TO DISMISS

## TO THE ABOVE-TITLED COURT:

     **COMETH NOW,** Plaintiff(s), **Mei: Wong** and **Dana: Hindman-Allen**, with and claiming all of their inherent, un-alienable Constitutionally secured Rights, to respond and object to the Defendant's Motion to Dismiss filed on January 17, 2023, in good faith and equity, and for the benefit of the living men and women County of Clackamas and the living men and women of

the State of Oregon, who convey their "confidence" and "trust" to the elected and/or appointed "authorities" to maintain an "honorable, transparent, fair and integral" election.

It is the duty, in good faith of, We, the Plaintiff(s), to notice and remind this Honorable Court that we are not attorneys and/or lawyers and cannot be held to the same strict standards of perfection as attorneys and/or lawyers. Such was affirmed in Picking v. Pennsylvania R. Co. 151 Fed. @nd 240; Pucket v. Cox 456 @nd 233:

*"Pro Se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."*

The Plaintiff/Respondent's cause for filing the necessary complaint(s), response(s) and/or objection(s), even if the Defendants assumed assertion of such was "improper" in form and/or deemed irrelevant, was made for no other purpose then to protect the Integrity of the Elections in the County of Clackamas and the State of Oregon, the Integrity of this Honorable Court, the living men and women of the County of Clackamas, the living men and women of the State of Oregon, and We, the Plaintiff(s), in congruence. As the creation of the fraud required an action; it requires an action to correct it. [*Actus legis nemini facit injuriam*].

We, the Plaintiff(s), are concerned Americans that are bringing forth a matter of serious and significant urgency that is in dire need of attention, scrutiny and justice by way of Findings of Facts and Conclusions of Law and according to the Strict Standards of the Rules of Evidence.

The Plaintiff(s), in this matter, do not wish or intend to overburden and/or complicate anything before this Honorable Court. We refrain from exhausting the pursuance of justice with pharisaical pleadings and vain legal imaginations and/or presumptions that would compromise the Integrity of this Honorable Court and the fair, unbiased outcome in the pursuit of justice.

It is fair to estimate, according to the evidence presented by the Plaintiff(s), and in contrast to the response provided by the Defendant(s), that a serious malfeasance and dereliction of duty exists. Proper notice was given to the named authorities (hereinafter Defendants) and it was incumbent upon them, in accordance with their oaths of office and prescribed duties to uphold and defend the Constitution of the United States and execute a proper investigation into the Plaintiff's presented findings of numerous issues regarding election results. The authorities (hereinafter Defendants) responded with a dishonorable and unlawful prejudice to the Plaintiff's notice(s) and

treated their notice(s) and/or grievance(s) as if they had no credence whatsoever. The Defendant(s) knowingly filed compromised and/or fraudulent information and/or data of this election in dispute, and prejudiced lawful notice(s) and grievance(s) in which said sole purpose, was to correct an either "accidental oversight" or "deliberate manipulation" of election results. [*Praetextu licit non debet admitti illinitum*].

FURTHERMORE, We, the Plaintiff(s), come not out of ill-gotten gain, greed, vengeance or malice, but as concerned Oregonians and Americans, to uphold the bounden duty of "We the People" to see that the provisions in the Constitution of the United States, which is the Supreme Law of the Land, are kept and preserved with the Strictest of Standards. It is by and through the Declaration(s) set forth in the July 4, 1776, Declaration of Independence, that We, the Plaintiff(s) so stand:

*"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain un-alienable Rights, that among these are Life, Liberty and the pursuit of Happiness.— That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed,— That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness. Prudence, indeed, will dictate that Governments long established should not be changed for light and transient causes; and accordingly, all experience hath shewn, that mankind are more disposed to suffer, while evils are sufferable, than to right themselves by abolishing the forms to which they are accustomed. But when a long train of abuses and usurpations, pursuing invariably the same Object evinces a design to reduce them under absolute Despotism, it is their right, it is their duty, to throw off such Government, and to provide new Guards for their future security."*

## RELEVANT BACKGROUNDS AND PRIOR PROCEEDINGS

On Memorial weekend, May 29, 2022, at 4:36am and 4:44am., Plaintiff Mei Wong took screenshots of the Secretary of State's Elections website in the Metro District 2 race where votes

decreased by 6371. The same day, May 29, 2022, Plaintiff Mei Wong took screenshots of Clackamas County Elections website at 8:32pm and Secretary of State's Elections website at 8:36pm where votes decreased by 3855. On Saturday, June 4, 2022, at 5:44am and 5:45am., Plaintiff Mei Wong took screenshots of the Secretary of State's Elections website in the Metro District 2 race where votes decreased by 6376. On Friday, June 10, 2022, at 4:57am and 4:58am., Plaintiff Mei Wong took screenshots of the Secretary of State's Elections website in the Metro District 2 race where votes decreased by 6390.

Numerous questions of irregularities and security violations arose, whereas on June 8, 2022, requests were made to the Secretary of State's Elections Office and Clackamas County Elections Office for a risk limiting audit prior to certification. Irregularities and security violations included but are not limited to:

1. Misprint of over 60% of ballots in Clackamas County.
2. Observers in Clackamas County Elections Office prior to office hours.
3. Manually inputting wrong results from Clackamas County Elections Office to the Secretary of State's Elections website.
4. Vote counts dropping by thousands, within minutes, during early morning hours on a holiday weekend on the Secretary of State's website.

Requests to open complaints were approved for one candidate and not opened for the other candidates, one a minority candidate, thus resulting in "discrimination."

After two months of communication(s) with the Oregon Secretary of State Elections Office and Clackamas County Elections Office, following the lawful concourse of "notice" and "due process", the requests for a Risk Limiting Audit and Full Hand Recount of original ballots were denied prior to certification, where remedies could have been cured, thus resulting in irreparable harm done, not only to the Plaintiff(s), but the living men and women voters of Clackamas County and the State of Oregon.

Plaintiff(s), were left with no recourse but to file a necessary lawful complaint into this Court in the pursuit of justice. Plaintiff's complaint was filed on November 4, 2022.

On December 1, 2022, Stephen L. Madkour and Sarah Foreman, attorneys for the Defendant(s), filed a Joint Motion for Extension of Time to Respond to The Complaint. In good faith, the Plaintiff(s) acknowledged and agreed to said request for extension of time.

On January 9, 2023, attorneys for the Defendant(s) contacted the Plaintiff(s) to request conferment on the Defendant's proposed Joint Motion to Dismiss. Plaintiff(s) accepted the offer to confer on "special conditions" to which the attorney(s) for the Defendant(s) denied.

On January 12, 2023, Defendant's attorney(s), Brian Simmonds Marshall and Bijal Patel, entered their appearance on behalf of Shemia Fagan, Debra Scroggin, Alma Whalen, Bob Roberts and The Office of the Secretary of State of Oregon.

On January 17, 2023, attorney(s) for the Defendant(s) filed a Joint Motion to Dismiss the Plaintiff's complaint.

## RESPONSES AND OBJECTIONS TO DEFENDANT'S CLAIM(S)

1. In response to the Defendant's offer of conferment pursuant to Local Rule 7-1 Certification, the Plaintiff(s) were first contacted by Sarah Foreman, who is listed as an attorney for the Defendants. The Plaintiff(s) responded to the offer of conferment thus stating that "We, the Plaintiff(s) will agree to the offer of conferment on the "special condition" that the Defense first file a "proper response" to the Plaintiff's complaint which would thus bring relevant arguments and/or material/affirmative defenses to the table worth discussion. At no time, in any correspondence with Ms. Foreman, was there any language used to indicate denial of the offer. In fact, We, the Plaintiff(s), also alerted the Defendant(s) of a scheduling conflict on the proposed date of Thursday, January 12th, 2023 for conferment. We also clearly explained to the Defendant(s) that we were not available that Friday or Monday due to unavoidable scheduling conflicts. The unknown reasons of the Defendant(s) in waiting until the "last minute" to confer on this matter is not the burden or responsibility of the Plaintiff(s). It is clear that the attorney(s) for the Defendants have construed the Plaintiff's response to appear as an outright denial and such is not a fact.

2. In the Defendant's Motion to Dismiss, pg. 5, para. 1, under "INTRODUCTION" it states *"Plaintiffs do not allege an injury-in-fact: rather they allege that certain election procedures*

*were not followed, unconnected to any particularized injury or even an alleged error in their own races."* To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

a. **Injury – Discrimination (42 U.S. Code § 1964)**. A complaint was opened for candidate Jamie McLeod-Skinner on May 19, 2022. Complaints can be filed by any elector according to ORS 260.345. It also states the Secretary of State must respond within 48 hours. Request to Bob Roberts to add plaintiff Mei Wong to the complaint or to open a separate complaint was denied and response was sent 4 days after initial filing of complaint. See attachments of correspondence with Bob Roberts and copy of opened complaint from PRR request. (See EXHIBITS H & H1.)

b. **Injury**. Request to do a Risk Limiting Audit was denied by both Alma Whalen and Bob Roberts. See attached correspondence. (See EXHIBITS H.)

c. **Injury**. Request to do a hand recount per Secretary of State Directive 2021-2, ORS 246.120, ORS 258.016(6), ORS 254.532(3)(e)(f), and 258.161(3)(6). (See EXHIBITS A, B, C, D, & E.)

3. In the Defendant's Motion to Dismiss, pg. 1 (file pg. 5), para. 1, under "INTRODUCTION" it states, *"Second, Plaintiff's alleged injury is not redressable. Injunctive relief is not available, because they allege no future injury. Damages relief is not available, because the individual defendants are entitled to qualified immunity, the County cannot be made liable for the alleged aberrational failures under Monell, and a state agency is not subject to Section 1983 damages actions."* To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

a. **Redressable – for future elections**. Security issues need to be addressed. Precedent - some elections were overturned after a recount. To deny the ability to recount an election is to deny the candidate the due process allowed under the law, especially when irregularities arise according to ORS 258.016(6). This also calls into question the security of the ballots and voter information according to S.2398 – Voter Privacy Act of 2019. The envelopes and ballots have barcodes on them identifying the elections, location, and identity of the voter. The printer prints the ballots and envelopes, then

transports them to a mail house in Portland. The Clackamas County Elections officers meets the printer at the mail house to transport the ballots and envelopes back to the election's office. What credentials or certifications do the printer have to transport the ballots to the clearing house without election's officers present? The Georgia Supreme Court ruling of Sons of Confederate Veterans et vs. Henry County Board of Commissioners and Sons of Confederate Veterans et al vs. Newton County Board of Commissioners give voters standing to sue the state and county governments.

b. It is necessary and preponderant to understand the context of 42 U.S. Code § 1983 before making a presumptuous and/or lackadaisical determination of the applicability of the aforementioned statute in regards to a matter such as this. Section 1983 provides an individual the Right to sue state government employees and others acting "under color of law" for civil rights violations. Section 1983 does not provide rights, but is a means to enforce civil rights that already exist. Defendant's claim of "qualified immunity", in this case, is a dissociative claim and/or presumption as it clearly affirms that "any government agent who violates someone's federally protected rights shall be liable to the party injured." In other words, Section 1983 allows anyone whose constitutional rights are violated by a state actor to bring a lawsuit against them in federal court to get damages for their injury.

According to <u>ORS 125.800(10)(a)</u>: *a "person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government or government subdivision, agency or instrumentality or any other legal or commercial entity.*

According to <u>18 U.S. Code § 2510(6)</u>: *a "person" means any employee, or agent of the United States or any State or political subdivision thereof, and any individual partnership, association, joint stock company, trust, or corporation.*

There are many sections of State and Federal law(s) that define a "person." However, there appears to be no Conclusion of Law that would give a person under a prescribed office, such as the Defendants, "qualified" and/or "blanket immunity" when committing an act that deprives another of their secured Constitutional Rights.

In regards to the above-stated definitions, the Plaintiff(s) demand that the Defendant(s) show cause, by Findings of Facts and Conclusions of Law and according to the Strict Standards of the Rules of Evidence, what delegation of authority they possess to determine their own qualified immunities, not to mention, the authority to redetermine the definition of a "person" that would excuse them from the responsibility to answer for a malfeasance and/or dereliction of duty and/or a breach of the public trust.

4. In the Defendant's Motion to Dismiss, pg. 1 (file pg. 5), para. 2, under "INTRODUCTION" it states, *"Another claim (Title VII) has no applicability to this factual context."* To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

   a. **Title VII of the Civil Rights Act of 1964**. Title VII specifically states and affirms:

      *"To enforce the constitutional right to vote, to confer jurisdiction upon the district courts of the United States to provide injunctive relief against discrimination in public accommodations, to authorize the attorney General to institute suits to protect constitutional rights in public facilities and public education, to extend the Commission on Civil Rights, to prevent discrimination in federally assisted programs, to establish a Commission on Equal Employment Opportunity, and for other purposes.*

      In regards to the above-stated, the Plaintiff(s) demand that the Defendant(s) show cause, by Findings of Facts and Conclusions of Law and according to the Strict Standards of the Rules of Evidence, how the actual above citation does not apply to the Defendants and their duties of office? If it is a secured constitutional right to vote, should not the same constitutional provisions carry over, by proxy, to those who are charged with the duty to run transparent, fair, just and integral elections? If there is a problem in an election, and a concerned American man or woman, and/or candidate of a prospective office, bring an issue to the attention of the delegated offices to oversee said elections, should those charged with said duties to investigate and/or correct an issue be granted "immunities" to turn a blind eye to the pursuit of justice?

5. In the Defendant's Motion to Dismiss, pg. 1 (file pg. 5), para. 2, under "INTRODUCTION" it states, *"And, for the remaining causes of action (42 U.S.C. § 1983, 42 U.S.C. § 1985, Title I of the Civil Rights Act), Plaintiffs fail to allege the facts necessary to meet the elements of those*

*claims."* To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

    a.   Again, "Section 1983 Litigation" refers to lawsuits brought under Section 1983 (Civil action for deprivation of rights) of Title 42 of the United States Code (**42 U.S.C. § 1983**). Section 1983 provides an individual the right to sue ***state*** government employees and others acting "under color of state law" for civil rights violations. Section 1983 does not provide civil rights; it is a means to enforce civil rights that already exist. Where 42 U.S.C § 1985 is concerned, there are three lead elements to the aforementioned statute: *(1) Preventing an officer from performing duties; (2) Obstructing justice; intimidating party, witness, or juror; and (3) Depriving persons of rights or privileges.* In regards to "preventing an officer from performing duties", such is not applicable in this matter. Having stated such, the Plaintiff(s) did not engage and/or perform any act that prevented the Defendant(s) from performing their duties of investigation into the notice(s) and/or grievance(s) filed by the Plaintiff(s). However, where "obstructing justice; intimidating party, witness, or juror" and/or "depriving persons of rights or privileges" are concerned, the Defendant(s), according to the facts and evidence presented, did indeed engage in such. The Defendant(s) obstructed the Plaintiff(s) pursuit or justice and deprived the Plaintiff(s) while showing prejudice to the Plaintiff's legitimate notice of compromised election results and, by proxy, deprived them of their rights to a redress of grievances. In reference to the Defendant's citation of Title I of the Civil Rights Act of 1964, which the Plaintiff(s) did not cite in their complaint, particularly addresses "Discriminatory Voting Tactics" where eligible voters are shown discrimination solely based on race. Such is not the case here and the mention of such is inapplicable. However, in past and present elections, numerous cases of votes tallied from unregistered voters, illegal aliens and deceased persons, has continually emerged as a major problem. Plainly, any action, or lack thereof, that compromises a fair, unbiased and just election, must be scrupulously investigated without fail.

6.   In the Defendant's Motion to Dismiss, pg. 2, (file pg. 6) para. 2, under "BACKGROUND" it states, *"Plaintiffs filed this lawsuit five months after those results were certified. Plaintiffs*

*allege irregularities in the Clackamas County election primary included (1) misprinting over 60% of ballots in Clackamas County; (2) observers in Clackamas County to Secretary of State's websites; and (3) manually inputting wrong results from Clackamas County to Secretary of State's websites; and (4) vote counts dropping on the Secretary of State's website reporting unofficial results. Compl. ¶ 17. The Complaint also alleges that Plaintiff Wong took screen shots of the Secretary of State's election website at several points in time and observed that the votes decreased. Compl. ¶ 16. Plaintiffs allege their requests to open investigation and perform a risk-limiting audit and full hand recount of original ballots were denied. Compl. ¶ 21-22.* To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

    a. Correspondence with the State and County took place two months after certification. There are no statutes or timeline limitations set for requests of hand recounts. We, the Plaintiff(s) were well within the timeframe to file a lawsuit. (See EXHIBITS H & I.)

7. In the Defendant's Motion to Dismiss, pg. 2, (file pg. 6) para. 2, under "BACKGROUND" it states, *"In fact, the Secretary of State ordered "Clackamas County to conduct an additional hand recount of the ballots case in its 2022 Primary Election." See Secretary of State Directive 2022-05 (June 9, 2022), available at https://sos.oregon.gov/elections/Documents/Directive-ClackamasRecountFinal-2022.pdf."* To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

    a. Although there were so many security issues and violations, Clackamas County conducted a hand recount of 10% of 6 races, of which 3 were for single candidates, then 151,004 PCP races. They did not do a hand recount of Metro District 2 race for Plaintiff Mei Wong as requested. See attached recount and audit detail. While PCP races are important, they pale in comparison to a non-partisan or partisan office where donors and full-fledged campaigns are involved as well as the months that are spent in preparation. With such public outcry, the audit didn't accommodate the nature of things concerned. (See EXHIBITS F & G.)

8. In the Defendant's Motion to Dismiss, pg. 3, (file pg. 7) para. 1, under "LEGAL STANDARDS – A: Lack of Jurisdiction (Rule12(b)(1))" it states, *"'[L] of Article III standing requires*

dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).' Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).  A plaintiff has the burden of establishing that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision' NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc., 926 F. 3d 528, 532 (9th Cir. 2019) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016))."  To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

a. Rule 12(b)(1) does not apply as Plaintiff's proof of claim was submitted and injury occurred when Defendants denied Plaintiff's rights under both State and Federal laws. Under the doctrine of *res ipsa loquitur*, which is the principle that "*the occurrence of an accident implies negligence,*", if an oversight occurred somehow within the election process that compromised the results of said election, it only stands to imply that one or more responsible parties did not take the necessary actions to prevent such an occurrence.

b. In the citation of *Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011)*, the Defendant(s) neglect to reference the holding(s) which is an integral part to see the court's favorability of the Plaintiff's status and standing, in contrast to any defects or irregularities in their pleading.  First, the circumstances surrounding the claims of manipulated election results in contrast to the claimed manipulation of the value of housing are completely two different sides of the spectrum.  Secondly, it was held that the initial district court erred in dismissing the plaintiffs' overpayment and rescission claims for lack of Article III standing.  It was also held that the plaintiffs' decreased economic value and desirability are cognizable injuries. According to Bennett v. Spear, 520 U.S. 154, 168-69 (1997):

*"[I]t does not suffice if the injury complained is of the result of the independent action of some third party not before the court, [but] that does not exclude injury produced by determinative or coercive effect upon the action of someone else." (emphasis added).*

In this case, the Plaintiff(s) have cited numerous causes of action for redress and relief, not only for their direct injuries, but at large to the voters of Clackamas County and The State of Oregon.

c.  The Defendant's citation of *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc., 926 F. 3d 528, 532 (9th Cir. 2019)* and *Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)* is irrelevant and inapplicable in this matter. The Plaintiff(s), with evidence, have indeed established an injury-in-fact that is directly traced to the action(s) and conduct of the Defendant(s) and said Plaintiff's cause carries merit to seek a redress by the favor of a judicial decision.

9.  In the Defendant's Motion to Dismiss, pg. 4, (file pg. 8) para. 1, under "LEGAL STANDARDS – A: Lack of Jurisdiction (Rule12(b)(1))" it states, *"[A] plaintiff cannot establish standing by asserting an abstract 'general interest common to all members of the public,' 'no matter how sincere' or 'deeply committed' a plaintiff is to vindicating that general interest on behalf of the public." Carney v. Adams, 141 S. Ct. 493, 499 (2020) (quoting Hollingsworth v. Perry, 570 U.S. 693, 705-707 (2013)). In addition, "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist." Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016).* Defendant(s) go on to further state, in para. 2, "'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate…The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1190)). To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

a.  The Plaintiff(s) provided concrete evidence of violations. Furthermore, we established a clear basis for our claims in our initial filing based on troubling publicly known facts.

b.  Personal stakes of outcome will always be there for safe and secure elections. Lack of due diligence in handling of many facets of the May 17th, 2022 primary elections warrant corrective measures to be put in place. The lack of interest in doing so leads one to believe that there are nefarious motives afoot.

c.  In regards to the quotation that states "a concrete injury must be de facto; that is, it must actually exist.  It is fair and just to understand the basic difference(s) between *de facto* and *de jure*.  According to the Online Etymology Dictionary, *de facto* is hereby defined as literally *"in fact, in reality,"* thus, *"existing, but not necessarily legally ordained or morally right."*  *De jure* is hereby defined, via same source, as "of law," thus "legitimate, lawful, by right of law, according to law."

Historically speaking, one of the reasons our Founding Fathers "declared independence" from the Crown of England on July 4, 1776, was due to the *de facto* existence of government where a ruling, regardless of whether it was morally right or not, became "instituted as law" by the king's decree.  Today this is known as "case law" which the Crown Temple Bar, later derived as the Bar of England and Wales, "imported" from the Crown of England into the UNITED STATES as a means and method of "practicing law" along with the formation of the American Bar Association on August 21, 1878, by and through 20 states and the District of Columbia, in Saratoga Springs, New York.

The United States of America was "originally" formed and instituted as a "de jure" republic nation and government.  Such was unanimously declared as following, In Congress, July 4, 1776, as follows:

*"The unanimous Declaration of the thirteen united States of America, When in the Course of human events, it becomes necessary for one people to dissolve the political bands which have connected them with another, and to assume among the powers of the earth, the separate and equal station to which the **Laws of Nature** and of **Nature's God** entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation."* (emphasis added)

The Declaration of Independence went on to further state the inescapable reasons why separation from the crown was imminent:

*"He has refused his Assent to Laws, the most wholesome and necessary for the public good.*

*He has forbidden his Governors to pass Laws of immediate and pressing importance, unless suspended in their operation till his Assent should be obtained; and when so suspended, he has utterly neglected to attend to them.*

*He has refused to pass other Laws for the accommodation of large districts of people, unless those people would relinquish the right of Representation in the Legislature, a right inestimable to them and formidable to tyrants only.*

*He has called together legislative bodies at places unusual, uncomfortable, and distant from the depository of their public Records, for the sole purpose of fatiguing them into compliance with his measures.*

*He has dissolved Representative Houses repeatedly, for opposing with manly firmness his invasions on the rights of the people.*

*He has refused for a long time, after such dissolutions, to cause others to be elected; whereby the Legislative powers, incapable of Annihilation, have returned to the People at large for their exercise; the State remaining in the mean time exposed to all the dangers of invasion from without, and convulsions within.*

*He has endeavoured to prevent the population of these States; for that purpose obstructing the Laws for Naturalization of Foreigners; refusing to pass others to encourage their migrations hither, and raising the conditions of new Appropriations of Lands.*

*He has obstructed the Administration of Justice, by refusing his Assent to Laws for establishing Judiciary powers.*

*He has made Judges dependent on his Will alone, for the tenure of their offices, and the amount and payment of their salaries.*

*He has erected a multitude of New Offices, and sent hither swarms of Officers to harrass our people, and eat out their substance.*

*He has kept among us, in times of peace, Standing Armies without the Consent of our legislatures.*

*He has affected to render the Military independent of and superior to the Civil power.*

*He has combined with others to subject us to a jurisdiction foreign to our constitution, and unacknowledged by our laws; giving his Assent to their Acts of pretended Legislation:*

*For Quartering large bodies of armed troops among us:*

*For protecting them, by a mock Trial, from punishment for any Murders which they should commit on the Inhabitants of these States:*

*For cutting off our Trade with all parts of the world:*

*For imposing Taxes on us without our Consent:*

*For depriving us in many cases, of the benefits of Trial by Jury:*

*For transporting us beyond Seas to be tried for pretended offences*

*For abolishing the free System of English Laws in a neighbouring Province, establishing therein an Arbitrary government, and enlarging its Boundaries so as to*

*render it at once an example and fit instrument for introducing the same absolute rule into these Colonies:*

*For taking away our Charters, abolishing our most valuable Laws, and altering fundamentally the Forms of our Governments:*

*For suspending our own Legislatures, and declaring themselves invested with power to legislate for us in all cases whatsoever.*

*He has abdicated Government here, by declaring us out of his Protection and waging War against us.*

*He has plundered our seas, ravaged our Coasts, burnt our towns, and destroyed the lives of our people.*

*He is at this time transporting large Armies of foreign Mercenaries to compleat the works of death, desolation and tyranny, already begun with circumstances of Cruelty & perfidy scarcely paralleled in the most barbarous ages, and totally unworthy the Head of a civilized nation.*

*He has constrained our fellow Citizens taken Captive on the high Seas to bear Arms against their Country, to become the executioners of their friends and Brethren, or to fall themselves by their Hands.*

*He has excited domestic insurrections amongst us, and has endeavoured to bring on the inhabitants of our frontiers, the merciless Indian Savages, whose known rule of warfare, is an undistinguished destruction of all ages, sexes and conditions."*

In reference to the above-stated and declared, it becomes evidently clear why the Founding Fathers set forth in the concourse they did. We, the Plaintiff(s) proceed in the same status and standing, where common infringements against our Rights have moved us to seek justice and a redress of grievances against those whom have taken it upon themselves to either accidentally and/or purposely, subvert the very foundations of the Constitutional provisions this nation was founded upon.

10. In the Defendant's Motion to Dismiss, pg. 4, (file pg. 8) para. 2, under "LEGAL STANDARDS – A: Lack of Jurisdiction (Rule12(b)(1))" it states, *"Where the activities sought to be enjoined have already occurred, and the…courts cannot undo what has already been done, the action is moot." Ctr. For Biological Diversity v. Lohn, 511 F.3d 960, 964 (9th Cir. 2007) (internal citation omitted). "Generally, a case is rendered moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Rubin v. City of Santa Monica, 308 F.3d 1008, 1013 (9th Cir. 2002) (internal citations omitted). Mootness is*

"*determined on a claim by claim basis.*"  *Pac. Nw. Generating Co-op v. Brown, 822 F. Supp. 1479, 1506 (D. Or. 1993), aff'd. 38 F.3d 1058 (9th Cir. 1994) (citing Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015-16 (9th Cir. 1989) (separately addressing mootness issue as to injunctive relief and declaratory relief)).*  To the contrary of the Defense's above stated claim, the Plaintiff(s) hereby claim and assert the following:

    a) In essence, what the Defendant(s) appear to be asserting is if, say a person was killed, then the threat of repeated injury is "done" and "cannot be undone?"  Then the action is thus moot.

11. In the Defendant's Motion to Dismiss, pg. 4-5, (file pg. 8-9) para. 3, under "LEGAL STANDARDS – B: Failure to State a Claim (Rule12(b)(6))" it states, *Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of the claim…*"  *A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.*"  *Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (internal quotation marks and citations omitted).  A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In considering a motion to dismiss under Rule 12(b)(6), a court engages in a two-step analysis.  First, the court must identify "mere conclusions" that are "not entitled to the assumption of truth."  Id. At 664.  Second, though "detailed factual allegations" are unnecessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl Corp v. Twombly, 550 U.S. at 555.  Courts are not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). The court has discretion to take judicial notice of matters in the public record at any stage of a proceeding.  Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012).* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

    a. Again, facts are provided for relief to be granted as stated above, for injury and future injury.  Defendant(s) do not have sovereign immunity and qualified immunity as stated above, therefore the court has jurisdiction. The defendant(s) have a fiduciary duty to

potential donors and future candidates who receive donations of all sizes who participate in the elections which are the bedrock of our Country's democratic process. Voting is the primary vehicle in which the will of the people is carried forth, without that core function protected and intact citizen confidence is severely impaired which will lead to further breakdown in our communities.

The sheer fact that the defendant(s) denied the right to open a risk-limiting audit prior to certification due to the security issues and irregularities has harmed the Plaintiff(s). The combination of large discrepancies and problems together rises to a level that warrants a full complete investigation and extraordinary measures of correction to be deployed. Such is clearly defined in the citation below:

*ORS 254.529 – Choice of conducting hand recount of ballots or risk-limiting audit:*

    *(1) At each primary election, general election and special election, the county clerk shall make a determination on whether to conduct:*

        *a) A hand count of ballots as described in this section and compare the tally of votes for those ballots produced by a vote tally system with the tally of votes for those ballots produced by the hand count; or*

        *b) A risk-limiting audit in the manner described in <u>ORS 254.532 (Risk-limiting audit)</u>.*

*ORS 254.532 – Risk-limiting audit:*

    *(1) As used in this section:*

    *(4) A risk-limiting audit conducted under this section must:*

        *e) Include mechanisms that permit the entity conducting the audit to respond to particular allegations regarding election irregularities;*

        *f) Be conducted in a timely manner that permits the initially reported outcome to be corrected before an election contest is certified;*

12. In the Defendant's Motion to Dismiss, pg. 5, (file pg. 9) para. 2, under "ARGUMENT – A: The Court Lacks Subject-Matter Jurisdiction Because Plaintiffs Lack Standing," it states: *"To meet the constitutional "case" or "controversy" requirement, a plaintiff must establish that (1) they have suffered and "injury in fact"; (2) the injury is fairly traceable to the challenged law; and (3) the requested relief would redress the injury. Lujan v. Defenders of Wildlife, 504 U.S.*

*555, 560 (1992). Plaintiffs never suffered an injury because they cannot obtain prospective or retrospective relief. Plaintiffs cannot obtain a prospective relief because they are not likely to suffer a future injury. They cannot obtain retrospective relief because the damages are barred by sovereign immunity and qualified immunity. For these reason, Plaintiffs' complaint should be dismissed for lack of jurisdiction.* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

a) If allowed to continue under the color of law, harm will continue as shown by defendant's actions and inactions. Each claim set forth on their own merit and combined have many moving parts that when looked at and investigated further with new evidence submitted will warrant immediate remedies.

b) If the Plaintiff(s) ran for office again, will we be assured this action will not happen again? Plaintiff(s) are not alleging that they are running for office in Clackamas County, yet that does not mean they will not in the future. Does that allow what has transpired to continue and happen again in the future? This type of thinking doesn't make logical sense. Elected officials and administrative staff are transient. They come and go with elections, but statutes, policies and customs remain. Until these things are changed, most assuredly the problems will continue to persist.

c) In regards to the Defendant's claim(s) of sovereign and qualified immunity, what legislative and/or executive act of authority gives a state official sovereign immunity against claims when it has acted contrary to their oaths of offices and duties? It is often been cited that the Eleventh Amendment in the authority on sovereign and qualified immunity stating:

*"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."*

Since the Defendant(s) appear to excitely bask in the quotations of case law, it is then paramount to point the Defendant(s) to Warnock v. Pecos County. Tex. 88 F.3d 341 (5th Cir. 1994) that affirmed:

*"Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law."*

Furthermore, in regards to what determines "sovereign" or "qualified" immunity, it was affirmed via Title 42 U.S.C. § 1983, Wood v. Breier, 54 F.R.D. 7, 10-11 (E.D, Wis. 1972). Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973), which affirmed:

*"Each citizen acts as a private attorney general who takes on the mantel of sovereign."*

The Plainitff(s) demand that the Defendant(s) show cause and prove their delegation of authority that enables them to break the law, disregard the Rights of the People and escape reprimand and/or punishments for their misdeeds.

13. In the Defendant's Motion to Dismiss, pg. 6, (file pg. 10) para. 3, under "ARGUMENT – A-1: Plaintiffs do not allege an injury in fact," it states, *"Plaintiffs' allegation that the audit they demanded did not occur is not itself a particularized injury."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

   a) According to Directive of the Secretary of State 2021-2, ORS 258.150-.300 also describes additional procedures for automatic or demand recounts, such as for races that come within a specific margin or can be requested by a campaign.

14. In the Defendant's Motion to Dismiss, pg. 7, (file pg. 11) para. 3-4, under "ARGUMENT – A-2: Plaintiffs alleged injuries are not redressable," it states: *"Even assuming Plaintiffs had suffered an injury due to alleged "[i]rregularities and security violations" in the May 2022 primary, to maintain standing for prospective relief they must also show the immediate threat of repeated injury. See Nielsen v. King Cty., 895 F.2d 1248, 1251 (9ᵗʰ Cir. 1990). Plaintiffs must also show that the requested relief would redress the injury. Lujan, 504 U.S. at 560. Where the activities sought to be enjoined have already occurred, and the…courts cannot undo what has already been done, the action is moot."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

a) If similar actions of the Defendant(s) and/or other offices, are allowed to continue under the color of law, harm will continue as shown by defendant's actions and inactions. Each claim set forth on their own merit and combined have many moving parts that when looked at and investigated further with new evidence submitted will warrant immediate remedies. The question that remains, yet again, how can We, the Plaintiff(s) or the People, be assured that this will not happen again. The answer remains, and has throughout history, that exposure, reprimand and discipline is the remedy for such malfeasance and dereliction of duty. As it is stated in Ephesians 5:11 (1599 GNV):

*"And have no fellowship with the unfruitful works of darkness, but even reprove them rather."*

15. In the Defendant's Motion to Dismiss, pg. 9, (file pg. 13) para. 2, under "ARGUMENT – A-2: Plaintiffs alleged injuries are not redressable," it states: *"Second, Plaintiffs do not allege facts to show that the actions that form the basis of their complaint will occur in the future. Plaintiffs allege that the Clackamas County Elections office "[m]isprint[ed] over 60% of ballots," allowed "observers...prior to office hours," and "manually input[] wrong results" in the election-night reporting system. Compl ¶17. Plaintiffs do not allege these actions were based on intentional policy decisions of the Clackamas County Clerk's office. Plaintiffs do not even allege any of these unprecedented anomalies occurred before or since. Most importantly, Plaintiffs do not allege that these "irregularities" recurred in the 2022 general election and allege no facts to infer that they are likely to recur in the future. And Ms. Hall no longer leads the Clackamas County Clerk's office; that change of leadership makes that inference that any past mistake is likely to recur even more unreasonable. For these reason, there is no reasonable expectation that Plaintiffs "will be subject to the same action again."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

a) Similar activities in the county had happened before. The Defendant's Motion to Dismiss in and of itself shows no desire to remedy any of the claims set forth establishing willful negligence, lack of professionalism, thus forth leaving all procedures, patterns and policies in place. If this is allowed, we can count on history

repeating itself. (See attached articles and included exhibits regarding previous history of elections security issues).

b) We, the Plaintiff(s) filed our case before the "general election" and therefore do not have information to state any irregularities happened in the 2022 general election.

c) Although Ms. Hall no longer leads the Clackamas County Clerk's office, Defendant(s) Shemia Fagan, Alma Whalen, Bob Roberts, and Rebekkah Doll are still in their current positions which makes it very likely to occur again as Clackamas County is unincorporated, has no home rule, or charter; and takes instruction directly from the State. (See email from Alma Whalen – EXHIBIT J.)

16. In the Defendant's Motion to Dismiss, pg. 13, (file pg. 17-18) para. 2-3, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 1. Count II – 42 U.S.C. § 1985 – Conspiracy To Interfere With Civil Rights," it states, *"If Plaintiffs are asserting a claim pursuant to 42 U.S.C. § 1985(3), they must allege four elements: (1) conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws or equal privileges or immunities under the laws, (3) an act by one of the actors in furtherance of the conspiracy, and (4) personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641, citing, Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971). Furthermore, a claim under Section 1985, must allege a conspiracy motivated by some racial or class-based invidiously discriminatory animus. Gillespie v. Civiletti, 629 F.2d 461, 496 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976); Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th ir. 1988) (a claim under Section 1985 must allege facts to support the allegation that defendants conspired together). Plaintiffs fail to allege facts that support Defendants' actions meet the elements listed above."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

a) Defendants admits there are four elements to meet 42 USC 1985(3), they must allege four elements: (1) conspiracy, (2) to deprive any person or class of persons of equal protection of the laws or equal privileges or immunities under the laws, (3) an act by one of the actors in the furtherance of the conspiracy, and (4) personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Clear

depravation of rights in many instances became apparent when the inconsistencies arose. Rebekkah Doll and Sherry Hall applied different policies and procedures regarding requests for recount and investigation depending which candidate requested it.

b) Again, all evidence was provided for Section 1983. A Complaint was opened for candidate Jamie McLeod Skinner and not for Mei Wong or Dana Hindman-Allen, along with a denial of hand recount without cause. There was no equitable treatment under the color of law for Plaintiffs although rights were given under ORS 260.345 to open a complaint. Preferential treatment of one candidate over others comes into question as well.

17. In the Defendant's Motion to Dismiss, pg. 15, (file pg. 19) para. 2, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 1. Count(s) III, V, VII – 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights," it states, *To the extent that the Complaint asserts other Fourteenth Amendment claims, the Ninth Circuit "ha[s] drawn a distinction between 'garden variety' election irregularities and a pervasive error that undermines the integrity of the vote. In general, garden variety election irregularities do not violate the Due Process Clause, even if they control the outcome of the vote or election." Bennett v. Yoshina, 140 F.3d 1218, 1226 (9th Cir. 1998), as amended on denial of reh'g and reh'g en banc (June 23, 1998). To state a federal claim under this standard, a plaintiff must allege "(1) likely reliance by voters on an established election procedure and/or official pronouncements about what the procedure will be in the coming election; and (2) significant disenfranchisement that results from a change in the election procedures." Id. At 1226-27. Mere fraud or mistake will not render an election invalid." Id. At 1226. Under this test, the sort of "garden variety" dispute over election administration the complaint alleges is governed by state law, not federal constitutional law. See Bowyer v. Ducey, 506 F. Supp. 3d 699, 711-12 (D. Ariz. 2020) (holding alleged state-law violations as sufficient to state a federal constitutional claim)."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

a) Are the Defendant(s) stating that votes going down by thousands in an election in the Plaintiff's race was categorized as a "garden variety" election irregularity and does not

rise to the level to question the elections security process and does not need a complaint opened and investigation, nor the faulty barcodes of over 60% of the ballots printed by an uncertified printer rises to the level of opening a complaint? Multiple candidates filed complaints.

b) Mere fraud will not render an election invalid? Fraud of any kind should render an election invalid. Federal constitutional law comes to light when two or more people work or conspire to oppress a person's rights and/or, in this case, by not allowing candidates to open complaints and investigate into the mere fraud. All Defendant(s) sought to undermine the Plaintiff's procedural rights to redress our grievances while thoroughly following all of the statutes. The Defendant(s) actively led the Plaintiff(s) to believe that they intended to provide us with a method of redress, only to wrongfully deny us our rights while trying to "wear us out" and run us past our statutory deadlines, which we were in fact well within. Fraud should always call into question procedures and integrity of those to who are overseeing our election process.

c) Where the Defendant(s) claim, "*Under this test, the sort of "garden variety" dispute over election administration the complaint alleges is governed by state law, not federal constitutional law,"* We, Plaintiff(s) call attention to *16 Am Jur 2d § 177, late 2d, § 256* which states:

*"**The general misconception is that any statute passed by legislators bearing the appearance of law constitutes the law of the land. The U.S. Constitution is the supreme law of the land, and any statute, to be valid, must be in agreement. It is impossible for both the Constitution and a law violating it to be valid; one must prevail. This is succinctly as follows:***

***The General rule is that an unconstitutional statute, though having the form and name of law is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of its enactment and not merely from the date of the decision so branding it. An unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had that statute not been enacted.***

***Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it…***

*A void act cannot be legally consistent with a valid one. An unconstitutional law cannot operate to supersede any existing valid law. Indeed, insofar as a statute runs counter to the fundamental law of the land, it is superseded thereby.*

*No one is bound to obey an unconstitutional law and no courts are bound to enforce it."*

This is further affirmed in *Marbury v. Madison, 5 U.S. (2 Cranch) 137, 174, 176 (1803)* which states:

*"All laws which are repugnant to the Constitution are null and void."*

So, in essence, the above-stated renders the Defendant(s) conclusions null, void and irrelevant to assert that "only" state law applies to this matter and renders constitutional law null and void and/or inapplicable.

18. In the Defendant's Motion to Dismiss, pg. 16, (file pg. 20) para. 1, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 1. Count(s) III, V, VII – 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights – a. Plaintiffs do not allege a constitutional violation," it states, *"However, for a Section 1983 claim to be viable, the allegations in the complaint must demonstrate that the Plaintiffs were retaliated against or "chilled" after making such a request. White v. Lee, 227 F.3d 1214, 1228 (2000) (government officials violate this provision when their acts "would chill or silence a person of ordinary firmness from future First Amendment activities," by for example, "the threat of invoking legal sanctions and other means of coercion, persuasion and intimidation")'. The complaint states that the Plaintiffs requested an audit and hand recount and that the requests were denied. Compl. ¶22. Plaintiffs have no further allegations regarding suppressing speech, assembly or that their rights to redress grievances."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

   a) Perhaps it can thus be called "chilled" instead of oppressed. Do we need further allegations regarding suppressing speech, assembly, or rights to redress grievances, when the sheer fact of denying the rights to an audit and hand recount as allowed by

law, is in fact a suppression of speech, assembly, and rights to redress grievances? Multiple instances of not following their own policies add to the violations, not to mention, unequal application of the law. Furthermore, irresponsible handling of inquiries shows clear and convincing evidence of either negligence, or malfeasance, or a combination of both.

19. In the Defendant's Motion to Dismiss, pg. 16-17, (file pg. 20-21) para. 4, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 1. 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights – b. The Clackamas County Elections Office is not Liable Under Section 1983," it states, *"For the purposes of this 42 U.S.C. § 1983 claim, the County assumes Plaintiffs are intending to sue Clackamas County in lieu of Clackamas County Clerk's Office as it is the governing municipality. To state a Section 1983 claims against the County, Plaintiffs bear the burden to show that the County's employees or agents acted pursuant to a custom, pattern, policy, or practice that violates Plaintiffs' rights."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

    a) The Clackamas County Clerk's Office is a Municipal Corporation. Plaintiffs did allege that, (1) we were deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the Plaintiffs' constitutional rights; and (4) the policy, custom, or practice was the "moving force" behind the constitutional violation. Attached articles of county employees or agents acted pursuant to a custom, pattern, policy, or practice that violates Plaintiffs' rights. (See Exhibit K & L). Let it be known, that the interaction that we had with the County and State were within our rights and part of the statutory relief afforded to us. They dishonored their oath by bouncing us back and forth between officials with half-truths and violations of statutes.

20. In the Defendant's Motion to Dismiss, pg. 17, (file pg. 21) para. 1, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 1. 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights – b. The Clackamas County Elections Office is not Liable Under Section 1983," it states, *"To establish Monell liability, a plaintiff must allege that (1) she was deprived of a constitutional*

*right; (2) the municipality had a policy, custom, or practice; (3) the policy, custom, or practice amounted to deliberate indifference of the plaintiff's constitutional rights; and (4) the policy, custom, or practice was the "moving force" behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citations omitted). A municipality is not liable under § 1983 for acts of negligence by one of its employees or for the occurrence of an unconstitutional act by the non-policymaking employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1234-35 (9th Cir 1989)."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

    a) As stated before, a municipality is liable for acts of negligence by one of its employees or for the occurrence of an unconstitutional act by the non-policymaking employee, especially when the employee uses a "color of law." Furthermore, when a municipality instructs and/or promotes a practice and procedure to remedy a situation that they in fact do not adhere to, by proxy, there in default by definition, no matter what sovereign or qualified immunities they claim.

21. In the Defendant's Motion to Dismiss, pg. 17, (file pg. 21) para. 2, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 1. 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights – b. The Clackamas County Elections Office is not Liable Under Section 1983," it states, *"Plaintiffs do not allege that the Clerk's office had an official policy in violation of their rights, nor do they point to a longstanding practice or custom which would "constitute"] the standard operating procedure of the local government entity."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

    a) As evidence was provided, said evidence showed that due to inadequate training, problems and issues happened at the Clackamas County Elections Office. Clackamas County election offices had a magnitude of opportunities to rectify the complaints and requests but did nothing and denied they had the responsibility to act accordingly.

22. In the Defendant's Motion to Dismiss, pg. 18, (file pg. 22) para. 2, under "ARGUMENT – B-Plaintiffs Fail to State a Claim – 5. Counts VI and IX – Respondeat Superior," it states, *"There*

*is not an independent cause of action known as "respondeat superior." Plaintiffs' allegations in the complaint do not specifically allege any facts to help clarify these counts."* To the contrary of the Defense's above stated, the Plaintiff(s) hereby claim and assert the following:

a) Counts VI and IX: **respondeat superior,** (Latin: "that the master must answer") in Anglo-American common law, the legal doctrine according to which an employer is responsible for the actions of its employees performed during the course of their employment. Evidence provided shows each individual violated the constitutional rights of the plaintiffs.

## NEGLIGENT INFLICTION OF EMOTIONAL STRESS

23. Plaintiff(s) reallege, restate, and incorporate by reference all the foregoing paragraphs as it set out in full herein.

24. Plaintiff(s) put countless hours into their campaigns, and at great expense, doing so in honor, integrity and good faith, in pursuance of a fair, unbiased and just outcome. When the Plaintiff(s) discovered the issues surrounding the election in dispute, it brought upon the Plaintiff(s) much emotional distress and harm.

25. Defendants knew or should have known, as reasonable men and women, the prescribed duties of their offices and how they should be carried out and should not need the frequent oversight of the Plaintiff(s) and the public at large to see that they execute said duties with honor and integrity for the common good and benefit of all.

26. Plaintiff(s) have had to digest a lifetime's worth of legal knowledge which has resulted in increased expenses that were not scheduled, sleep loss, re-arrangement of daily plans and activities, travel plans, weight loss, malnutrition and other symptoms due to the mental and emotional stress caused by the Defendant(s) negligent actions.

## CONCLUSION

After careful review, it has become evident that the Defendant(s) are taking no responsibilities, according to the oaths of their offices and/or prescribed duties, to act in good faith, on behalf of the People to investigate into, what has become, as of the past few years, a very common issue where investigation and redress is imminent. Not once, throughout the entirety of the Defendant's Motion to Dismiss, was there one presentation of Findings of Facts and Conclusions of Law according to the Strict Standards of the Rules of Evidence to validate their status and standing.

Far from all of us be the day, when individuals, officers and corporations, at will, can claim sovereign and/or qualified immunity, and use case law, misapplications of statutes, codes and colors of law to negate responsibility for their actions and deprive another of their pursuit of justice to see the administration and preservation of a fair, just and honest election.

We, the Plaintiff(s), have made it implicitly clear, with facts and evidence, to prove beyond the shadow of a reasonable doubt, that the Defendant(s) have injured the Plaintiff(s), by and through several committed acts of malfeasance, dereliction of their duty and, worst of all, have breached the public trust in their handling of the election in dispute.

## JURY TRIAL DEMAND

Plaintiff(s) demand a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) Mei: Wong and Dana: Hindman-Allen seek redress for grievances in which this Honorable Court can grant relief:

27. Assume jurisdiction over this action.

28. Enter an Order for a Full Hand Recount of the original, NOT duplicated, ballots of the May 2022 Primary Election at the expense of the County of Clackamas.

29. Enter an Order for a full forensic investigation of the time-stamped screen shots of the decrease in votes of the May 2022 Primary Election at the expense of the County of Clackamas.

30. Enter judgment in favor of Plaintiffs and against Defendants.

31. Award Plaintiff(s) compensatory and punitive damages against Defendants;

32. Award Plaintiff's counsel and/or attorney fees pursuant to 42 U.S.C. § 1988.

33. An Order temporarily and preliminarily enjoining and restraining Defendant(s), and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with documentation relevant to discovery of the 2022 election results.

34. Enter a permanent injunction, upon proper motion, requiring Defendants Clackamas County Elections Office and Oregon Secretary of State Elections Office to adopt appropriate policies related to hiring and supervision of its staff in regards to Complaints, Public Records Requests, Ballot Security, and recourse for Candidates rights; and

35. Grant to Plaintiffs such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

In the name of justice, and recognition of the Ninth Amendment, Plaintiff(s)/Respondent(s) do possess sufficient cause of action based on the facts and evidence presented; and can not allow this overly burdensome trespass upon their good character to continue knowing the action is based in fraud and emoluments. [*Causa Patet*]

Therefore, with the intention of restoration of the Plaintiff's/Respondent's good name(s), integrity, and Good Standing being the intent of this request; Plaintiff(s)/Respondent(s) humbly makes the request for the Court to Dismiss the Defendant's Motion to Dismiss in the interest of justice, and preservation of its own integrity. [*Causa causantis causa est causati*]

Respectfully submitted,

Autographed by: /s/_x _____    [L.S./SEAL]
                Mei: Wong
                Without Recourse
                Without Prejudice
                All Rights Retained.

Autographed by: /s/_x _____ [L.S./SEAL]
                         Dana: Hindman-Allen
                         Without Recourse
                         Without Prejudice
                         All Rights Retained.

## AFFIDAVIT IN VERIFICATION AND SWORN DECLARATION

I, **Mei Wong**, DO HEREBY STATE ALL HEREIN AS TRUTH SWORN UNDER PENALTY OF PERJURY UNDER THE OREGON STATE LAWS, THE LAWS OF THE UNITED STATES AND RECORD/CLAIMS ACCURACY LAWS [SEE ALSO 28 USC 1746].

1. I AM OVER AGE 18.
2. ALL SET FORTH HEREIN AND ABOVE AND ANNEXED ARE TRUTH AND TO THE EXTENT ANYTHING IS ON INFORMATION AND BELIEF IT IS BELIEVED TO BE TRUTH.
3. IF CALLED TO REPEAT ANY OF IT I WOULD.
4. I AM A FIRST-HAND WITNESS AND VICTIM OF ALL EXPLAINED.
5. THE foregoing averments ARE TRUE AND CORRECT COPIES FROM MY PERSONAL RECORDS.
6. I HAVE NEVER SEEN ANY PROOF OR EVIDENCE THAT AFFIDAVITS ARE NOT PRIMA FACIE PROOF OF THE TRUTH AND ACCEPTED AS SUCH IN THESE COURTS.

Autographed by: /s/ x _____ [L.S./SEAL]
Dated: 1/31/2023

**Mei Wong**
c/o 13203 SE 172nd Avenue, Suite 166, No. 749
(City of) Happy Valley,
The State of Oregon
Zip Code Excepted [*97086*]

Without Recourse
Without Prejudice
All Rights Retained.

<u>AFFIDAVIT IN VERIFICATION AND SWORN DECLARATION</u>

I, **Dana: Hindman-Allen**, DO HEREBY STATE ALL HEREIN AS TRUTH SWORN UNDER PENALTY OF PERJURY UNDER THE OREGON STATE LAWS, THE LAWS OF THE UNITED STATES AND RECORD/CLAIMS ACCURACY LAWS [SEE ALSO 28 USC 1746].

1. I AM OVER AGE 18.
2. ALL SET FORTH HEREIN AND ABOVE AND ANNEXED ARE TRUTH AND TO THE EXTENT ANYTHING IS ON INFORMATION AND BELIEF IT IS BELIEVED TO BE TRUTH.
3. IF CALLED TO REPEAT ANY OF IT I WOULD.
4. I AM A FIRST-HAND WITNESS AND VICTIM OF ALL EXPLAINED.
5. THE foregoing averments ARE TRUE AND CORRECT COPIES FROM MY PERSONAL RECORDS.
6. I HAVE NEVER SEEN ANY PROOF OR EVIDENCE THAT AFFIDAVITS ARE NOT PRIMA FACIE PROOF OF THE TRUTH AND ACCEPTED AS SUCH IN THESE COURTS.

Autographed by: /s/ _x_ _Dana Hindman-Allen_ [L.S./SEAL]

Dated: _1 - 31 - 2023_

**Dana: Hindman-Allen**
c/o 13203 SE 172nd Avenue, Suite 166, No. 749
(City of) Happy Valley,
The State of Oregon
Zip Code Excepted [*97086*]

Without Recourse
Without Prejudice
All Rights Retained.

## CERTIFICATE/PROOF OF SERVICE

I do hereby swear that a true and correct copy of the above and attachments are forwarded to the court via usps fcm postage prepaid (OR Next day Delivery/Fed Ex) and the parties in and of interest listed in the case (state) including the agency business owner/head personally by forwarding to the business addresses thereof and as stated in the case or by hand delivery provided it to the same. All prepaid.

Sworn under penalty of perjury under the laws of the state of OREGON AND 28 USC 1746.

A copy of the foregoing was sent to the Court via online portal and/or U.S. Certified Mail as addressed to:

U.S. DISTRICT COURT – PORTLAND DIVISION
1000 SW 3RD AVE. #740
PORTLAND, OR 97204

Copies of the foregoing were provided by Certified U.S. Mail to:

SHEMIA FAGAN, SECRETARY OF STATE
SECRETARY OF STATE – ELECTIONS DIVISION
PUBLIC SERVICE BUILDING, SUITE 126
255 CAPITAL ST., NE
SALEM, OR 97310
CERTIFIED MAIL NUMBER: _____

DEBORAH SCROGGIN, DIRECTOR, ELECTIONS DIVISION
SECRETARY OF STATE – ELECTIONS DIVISION
PUBLIC SERVICE BUILDING, SUITE 126
255 CAPITAL ST., NE
SALEM, OR 97310
CERTIFIED MAIL NUMBER: _____

ALMA WHALEN, ELECTIONS PROGRAM MANAGER
SECRETARY OF STATE – ELECTIONS DIVISION
PUBLIC SERVICE BUILDING, SUITE 126
255 CAPITAL ST., NE
SALEM, OR 97310
CERTIFIED MAIL NUMBER: _____

BOB ROBERTS, DBA (Doing Business As), RULES COORDINATOR
SECRETARY OF STATE – ELECTIONS DIVISION
PUBLIC SERVICE BUILDING, SUITE 126

255 CAPITAL ST., NE
SALEM, OR 97310
CERTIFIED MAIL NUMBER: _____

SHERRY HALL, DBA (Doing Business As), CLACKAMAS COUNTY CLERK
CLACKAMAS COUNTY' – ELECTIONS DIVISION
1710 RED SOILS COURT, SUITE 100
OREGON CITY, OR 97045
CERTIFIED MAIL NUMBER: _____

REBEKAH DOLL, DBA (Doing Business As) MANAGER, ELECTIONS DIVISION
CLACKAMAS COUNTY – ELECTIONS DIVISION
1710 RED SOILS COURT, SUITE 100
OREGON CITY, OR 97045
CERTIFIED MAIL NUMBER: _____

this _3/_st_ day of the Month of _January_ in the Year of Our Lord Two-Thousand and Twenty-
Three (2023).

Autographed by: /s/_x _____ [L.S./SEAL]

**Mei Wong**
c/o 13203 SE 172nd Avenue, Suite 166, No. 749
(City of) Happy Valley,
The State of Oregon
Zip Code Excepted [*97086*]

Without Recourse
Without Prejudice
All Rights Retained.

Autographed by: /s/_x _____ [L.S./SEAL]

**Dana Hindman-Allen**
c/o 13203 SE 172nd Avenue, Suite 166, No. 749
(City of) Happy Valley,
The State of Oregon
Zip Code Excepted [*97086*]

Without Recourse
Without Prejudice
All Rights Retained.