**Stephen L. Madkour**, OSB No. 941091
Clackamas County Counsel
E-mail: smadkour@clackamas.us
**Sarah Foreman**, OSB No. 042859
Assistant County Counsel
E-mail: sforeman@clackamas.us
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR  97045-1819
Phone: 503-655-8362
Fax: 503-742-5397
Of Attorneys for Defendants Sherry Hall,
Rebekah Doll, and the Clackamas County
Clerk's Office

*[Counsel for other defendants on signature page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MEI: WONG; DANA: HINDMAN-ALLEN, | Case No.  3:22-cv-01714-SB |
| Plaintiffs, | REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS |
| v. | |
| SHEMIA FAGAN, DEBORAH SCROGGIN, ALMA WHALEN, BOB ROBERTS, SHERRY HALL, REBEKAH DOLL, CLACKAMAS COUNTY CLERK'S OFFICE and THE OFFICE OF THE SECRETARY OF THE STATE OF OREGON, | |
| Defendants. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................II

I.    INTRODUCTION ................................................................................................ 1

II.   POINTS AND AUTHORITIES ........................................................................... 2
   A.   Plaintiffs Lack Standing.............................................................................. 2
      1.   Plaintiffs fail to allege an injury-in-fact sufficient for standing. ................... 2
      2.   Plaintiffs alleged injuries are not redressable. ............................................ 4
         a.   Plaintiffs cannot obtain prospective relief. ........................................... 4
         b.   Plaintiffs cannot obtain damages. ....................................................... 5
   B.   Plaintiffs Fail to State a Federal Nondiscrimination Claim (42 U.S.C. § 1983, 42 U.S.C § 1985, and Titles I and VII of the Civil Rights Act of 1964). ................................ 5
   C.   Defendants' Motion complied with Local Rule 7-1. ......................................... 7
   D.   Plaintiffs' claims should be dismissed without leave to amend. ......................... 8
      1.   Plaintiffs' original claims are futile. ........................................................ 8
      2.   Plaintiffs' negligent infliction of emotion distress claim is futile. ............... 9
         a.   NEID claims against State Defendants are barred by sovereign immunity............. 9
         b.   Plaintiffs cannot state a NIED claim.................................................. 10

III.  CONCLUSION.................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986)) ................................. 8

*Alford v. City of Cannon Beach*, No CV 00-303-HU, 2000 WL 33200554, at * 19 (D. Or. Jan. 17, 2000) ....................................................................................................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 7

*Austin v. Univ. of Oregon*, 925 F.3d 1133 (9th Cir. 2019) ........................................................ 6

*Ballou v. McElvain,* 29 F.4th 413 (9th Cir. 2022) (citing *Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493 (9th Cir. 2016)) ........................................................................................... 6

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................................... 7

Blair v. Toran, No. CV-99-956-ST, 1999 WL 1270802 (D. Or. Dec. 2, 1999), aff'd, 12 F. Appx 604 (9th Cir. 2001)............................................................................................................ 10

*Bryant v. Allstate Indemnity Company*, 2022 WL 1910128 (D. Ct. Or. June 3, 2022), citing, *Paul v. Providence Health Sys.-Oregon*, 351 Or. 587 (2012) ................................................. 10, 11

*Carney v. Adams*, 141 S. Ct. 493 (2020) ................................................................................... 4

*Clark v. United States*, 660 F. Supp. 1164 (W.D. Wash 1987), *aff'd* 856 F2d 1433 (9th Cir. 1988) ....................................................................................................................................... 11

*Goldstein v. City of Long Beach*, 715 F.3d 750 (9th Cir. 2013) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989)) ................................................................................................ 5

*Hale v. State of Ariz.,* 967 F.2d 1356 (9th Cir. 1992), *on reh'g*, 993 F.2d 1387 (9th Cir. 1993) ... 7

*Hammond v. Cent. Land Commc'ns Ctr.*, 312 Or. 17 (1991) ...................................................... 11

*Hilt v. Bernstein*, 75 Or. App. 502 (1985) ................................................................................. 11

*Johnson v. Brown*, 567 F. Supp. 3d 1230 (D. Or. 2021) ............................................................ 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................................ 2, 4

*McCulloch v. Price Waterhouse LLP*, 157 Or. App. 237 (1998) ................................................ 11

*Monell v. Dept. of Social Services* 436 U.S. 658 (1978) ............................................................ 5

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984)............................... 9, 10

*Picogna v. Bd. Of Educ. Of Tp. Of Cherry Hill*, 143 N.J. 391 (1996) ....................................... 11

*Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) ...................................................................... 8

*Roth v. Marquez*, 942 F.2d 617 (9th Cir. 1991) ......................................................................... 8

*School Distr. No. 1, Multnomah County v. Nilsen*, 271 Or. 461 (1975) ..................................... 12

*Stoleson v. United States*, 708 F2d 1217 (7th Cir 1983) .......................................................... 11

*Timms v. Rosenblum*, 713 F. Supp. 948 (E.D. Va. 1989), *aff'd*, 900 F.2d 256 (4th Cir. 1990)..... 11

*Tomlinson v. Metro Pediatrics, LLC*, 275 Or. App. 658 (2015), *aff'd* 362 Or. 431 (2018) ......... 11

*Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244 (D. Or. 2013); *accord, e.g.*, *Est. of Pond v. Oregon*, 322 F. Supp. 2d 1161 (D. Or. 2004) ...................................................................... 10

## Statutes

ORS 30.265(3) .............................................................................................................................. 9

ORS 254.529 ................................................................................................................................ 2

ORS 254.532(2) ........................................................................................................................... 2

ORS 258.161 ................................................................................................................................ 7

ORS 260.345(3) ........................................................................................................................... 3

42 U.S.C §1985............................................................................................................................ 5

42 U.S.C. §1983 ........................................................................................................................... 5

**Other Authorities**

Title I of the Civil Rights Act 1964 ............................................................... 5

**Rules**

L.R. 7-1(a)(1)(B)............................................................................................ 8

## I.    INTRODUCTION

Defendants[1] seek dismissal of Plaintiffs' Complaint for lack of jurisdiction and failure to state a claim.

Plaintiffs' Response reprises their generalized grievances that elections officials departed from state law election procedures: that erroneous unofficial election results were posted online, a second investigation of admission of election observers should have been opened, and that a risk-limiting audit should have been conducted. However, to plead a particularized injury that can be remedied by a decision from this Court, Plaintiffs must point to allegations that reach beyond a generalized grievance about officials' compliance with state-law procedures to point a cognizable injury to Plaintiffs themselves. They cannot do so.

Even if Plaintiffs' alleged injuries were sufficient, the Court cannot redress them. Injunctive relief is not available, because Plaintiffs allege no *future* injury. Their complaints stem from the May 2022 primary election.  Plaintiffs concede that they "are not alleging that they are running for office in Clackamas County," ECF 16 at 18 (¶12b), and their vague statement "that does not mean they will not in the future," *id.*, is too speculative to constitute an injury.  Damages are not available, because the individual defendants are entitled to qualified immunity, the County cannot be made liable for alleged aberrational mistakes under *Monell*, and a state agency is never subject to Section 1983 damages actions.

As to the merits of their claims, none of Plaintiffs' claims apply to this factual context. Plaintiffs' Response provides additional detail about the nature of their objection to the

---

[1] Since the complaint was filed, Molly Woon succeeded Deborah Scroggin as Oregon Elections Director, Catherine McMullen succeeded Sherry Hall as Clackamas County Clerk, and And Burke Jones succeeded Rebekah Doll as Clackamas County Elections Manager.  Under Federal Rule of Civil Procedure 25(d), each of these officials "is automatically substituted as a party" in their official capacity.

administration of the May 2022 primary. But none of those explanations show how the facts

Plaintiffs allege meet the elements of their claims. Indeed, they largely do the opposite: for

example, Plaintiffs allege that the denials of each of their requests for investigations and hand

recounts were denied due to discrimination, but they do not allege that they share any protected

characteristic. Without such facts suggesting a discriminatory motive for Defendants' conduct,

Plaintiffs cannot articulate a plausible right to relief for their discrimination claims.  Their other

claims also fail.

      Accordingly, this case should be dismissed.

## II.      POINTS AND AUTHORITIES

### A.    Plaintiffs Lack Standing

#### 1.    Plaintiffs fail to allege an injury-in-fact sufficient for standing.

      For standing, a party must have suffered a "concrete and particularized" injury in fact that

can be remedied by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiffs' Complaint does not allege—and their Response does not articulate—such an injury.

      For example, Plaintiffs continue to insist that due to issues during the election, their

request for a risk-limiting audit should have been granted. ECF 16 at 17 ("The sheer fact that the

defendant(s) denied the right to open a risk-limiting audit … has harmed the Plaintiff(s).").

However, in their Response, they do not point to allegations that suggest, for example, that the

certified results of their contests were incorrect.  The details they do provide show just the

opposite: the hand recounts that Clackamas County conducted—as directed by the Secretary of

State, Directive 225-05, and as mandated by state law, ORS 254.532(2), ORS 254.529—

confirmed that the results of machine counts and the hand counts were nearly identical. ECF 16-

8.  That includes the hand count for Ms. Hindman-Allen's contest.  ECF 16-8 at 3–4.  Plaintiffs'

complaint provides the unfortunate, but benign, explanation for the anomalies in the reporting of

unofficial results: that they stemmed from "[m]anually inputting wrong results from Clackamas

County Elections Office to the Secretary of State's Elections website." Complaint (ECF 1) ¶ 17(c). Plaintiffs do not allege that the certified results were wrong.

Similarly, Plaintiffs cannot articulate an injury based on the Secretary of State declining to open a separate investigation into the same conduct that it was already investigating. Plaintiffs sought an investigation into "Observers in Elections Office prior to Office Hours." ECF 4 at 13 (Wong, Affidavit of Fact, at 1); *see also* ECF 16-9 at 1, (Pls.' Resp., Exh. H). ("Procedures were not followed for persons authorized to watch receiving and counting of votes."). But the Plaintiffs concede that such an investigation was already underway when they requested it. ECF 16-9 at 14 (Wong letter to Hall, July 26, 2022). Indeed, the premise of several of their claims is that the Secretary of State's decision to "open a complaint … for one candidate and not … for other candidates" was motivated by discriminatory animus. Complaint (ECF 1) ¶ 21. But the Secretary of State was already investigating Clackamas County to determine whether there was a potential violation of ORS 254.482 based on allowing some observers to enter the elections office before others. *See* ORS 260.345(3). Plaintiffs do not articulate how they were harmed by a separate investigation of the same conduct. *See* ECF 16-9 at 5 (Roberts to Wong letter, June 16, 2022) ("The Elections Division has already opened an investigation in this matter, and we decline to open a separate investigation. If you have additional information that might aid our investigation, please forward it to our office at your earliest convenience.").

At most, these allegations suggest only a generalized grievance that state election procedures were not followed. *See*, *e.g.*, ECF 16 at 12 (¶9b) ("Personal stakes of outcome will always be there for safe and secure elections. * * * The lack of interest in doing so leads one to believe that there are nefarious motives afoot."). Such general and conclusory allegations are insufficient to survive a motion to dismiss. *See* ECF 13 at 8–9 (MTD at 4—5); *Gunter v. Fagan*, No. 3:22-cv-01252-MO, 2023 WL 1816551, ECF 51 (Feb. 6, 2023) (finding plaintiffs in election suit lacked standing because "the harms, if any, that [p]laintiffs have alleged are conjectural or hypothetical, not actual or imminent.").

Page 3- REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiffs "naked assertion" of injury is insufficient to survive Defendants' motion to dismiss. Plaintiffs do not allege how, because of their complaint being denied, they were injured except repetition of vague and conclusory statements that Defendants' actions injured them.

**2.      Plaintiffs alleged injuries are not redressable.**

In addition to Plaintiffs' lack of injury, they also cannot meet the redressability requirement for standing.

**a.      Plaintiffs cannot obtain prospective relief.**

Plaintiffs' lack of allegations of future injury preclude injunctive relief.  Plaintiffs provide no reason that the anomalous events are likely to repeat in the future.  *See* ECF 13 at 11–14 (MTD at 7–10).  Nor do the plaintiffs articulate a reason that would likely implicate their vote in particular. Lack of an imminent prospective injury precludes prospective relief.

To the extent that Plaintiffs rely on their status as candidates to establish standing, they concede that they are not running for office in Clackamas County but "that does not mean they will not in the future." ECF 16 at 18 (¶12b). This is precisely the type of conjectural injury that is insufficient for standing. In fact, the U.S. Supreme Court has specifically held that a candidate with nothing more than an "abstract, generalized grievance" without "actual desire" to run in an election is insufficient to establish injury in fact. *Carney v. Adams*, 141 S. Ct. 493, 501 (2020). Like *Adams,* Plaintiffs here have not "sufficiently differentiated" themselves from the "general population of individuals affected in the abstract by the legal provisions [they] attack." *Id.* at 502. Plaintiffs' speculation about whether they may or may not seek office in the future is the exact "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—[that] do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564.

       **b.**      **Plaintiffs cannot obtain damages.**

Damages are not available to the Plaintiffs. First, the individual defendants in their personal capacity are entitled to qualified immunity. Plaintiffs have identified no prior case suggesting that the individual Defendants' conduct violates clearly established law.

Second, "[s]tates and state officials acting in their official capacities cannot be sued for damages under Section 1983." *Goldstein v. City of Long Beach*, 715 F.3d 750, 753 (9th Cir. 2013) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Accordingly, Plaintiffs cannot obtain damages against the state defendants in their official capacity or "the Office of Secretary of State" (i.e., the agency itself).

Third, the County (or county officials acting in their official capacities) cannot be made liable for alleged aberrational failures under *Monell v. Dept. of Social Services* 436 U.S. 658, 691-92 (1978). Because Plaintiffs' Complaint and Response do not allege any facts sufficient to support a Section 1983 *Monell* claim against Clackamas County (or its Clerk's Office) and the claim should be dismissed with prejudice.  *See* ECF 13 at 20–21 (MTD at 16–17).

Therefore, the damages relief that Plaintiffs seek is not available and this Court cannot redress the Plaintiffs' grievances.

**B.**    **Plaintiffs Fail to State a Federal Nondiscrimination Claim (42 U.S.C. § 1983, 42 U.S.C § 1985, and Titles I and VII of the Civil Rights Act of 1964).**

Plaintiffs allege racial discrimination in violation of their civil rights under 42 U.S.C. §1983, 42 U.S.C §1985 and Title I of the Civil Rights Act 1964 because a minority candidate's complaint was requested but not opened.[2] ECF 16 at ¶¶ 4–5.

Plaintiffs' Section 1983 and 1985 discrimination claims lack merit because Plaintiffs fail to allege any facts that any of the Defendants were motivated by discrimination when their request to open a complaint was denied. "The central inquiry in an Equal Protection Clause claim is whether a government action was motivated by a discriminatory purpose." *Ballou v. McElvain,*

---

[2] Plaintiffs also made a claim under 18 U.S.C. §241 and §242.  Defendants addressed this in the Motion to Dismiss and Plaintiffs' did not rebut Defendants' arguments in favor of dismissal in their Response. See MTD p. 16.

29 F.4th 413, 422 (9th Cir. 2022) (citing *Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 504 (9th Cir. 2016)). For such discrimination claims to proceed past the pleadings stage, Plaintiffs must provide "sufficient, nonconclusory allegations plausibly linking the [defendant's] action to discrimination …." *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019) (applying *Twombly* to Title IX allegations).

Plaintiffs attach their correspondence with Defendants Whalen, Roberts, Hall, and Doll. ECF 16-9, (Exh. H, Wong Correspondence); ECF 16-11 (Exh. I, Hindman-Allen Correspondence). In these letters and emails, Defendants explain to each Plaintiff that the reason for denying their complaint is that first, the unfortunate errors in Clackamas County's reported results on May 29, 2022, did not constitute an election law violation. Second, the Elections Division had already begun investigating allegations of unauthorized observers at the Clackamas County Elections office thereby making it pointless to open an identical investigation at the request of Plaintiffs. *See* §A.1, above. Third, the Secretary of State issued Directive 2022-05 requiring additional hand recounts in Clackamas County to ensure the validity of the official results.[3] In fact, Plaintiff Hindman-Allen's race was hand counted. ECF 16-8 at 3, (Exh. G). As described above, Defendants had "legitimate, nondiscriminatory" reasons for denying Plaintiffs' requests. *Ballou,* 29 F.4th at 422. Moreover, both Plaintiffs allege that they were subjected to the same treatment but suggest no protected characteristic that they share in common that differed from candidates they allege were treated more favorably.

Even aside from the lack of allegations suggesting discrimination, Plaintiffs' Response does not rebut the Motion's arguments that Title I and Title VII have no application to this case. As the Motion argues, the Complaint does not allege any depravation of the right to vote. ECF 13 at 22 (MTD at 18). Plaintiffs concede that a discrimination claim under Title I of the Civil Rights Act of 1964 "is not the case here." ECF 16 at 9 (¶5a). To the extent Plaintiffs rely on

---

[3] Directive of the Secretary of State dated June 9, 2022 available at https://sos.oregon.gov/elections/Documents/Directive-ClackamasRecountFinal-2022.pdf (last accessed February 7, 2023).

"past and present elections" where "numerous cases of votes tallied from unregistered voters, illegal aliens and deceased persons…emerged…," *id.*, "[s]uch 'naked assertions' that are 'devoid of further factual enhancements'" are insufficient to survive a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  Furthermore, the Plaintiffs do not explain how their discrimination claims fall within the scope of Title VII, given that they are not employees of any defendant.  If anything, Plaintiffs' Response suggests that their reference to Title VII of the Civil Rights Act is meant to refer to Title I of the Civil Rights Act of 1964, addressed above. ECF 16 at 8 (¶4).

Plaintiffs' assert that the State Defendants violated ORS 258.161 because they did not order a hand recount of their races. ECF 16 at 6 (¶2). Asserting this state law claim in federal court would be barred by sovereign immunity. *See, e.g.*, *Hale v. State of Ariz.,* 967 F.2d 1356, 1369 (9th Cir. 1992), *on reh'g*, 993 F.2d 1387 (9th Cir. 1993); *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1257–58 (D. Or. 2021). Moreover, Plaintiffs cannot bootstrap an alleged state law violation into an alleged federal constitutional violation of the right to vote. ECF 13 at 19 (MTD at 15).

Even if Plaintiffs could assert a state law claim for a denial of a recount, it would fail. The recount statute requires the Secretary of State direct a recount when a demand is filed "not later than the 42nd day and a supplemental demand not later than the 52nd day after the date of the election in which votes were cast.". ORS 258.161(2), (8).  For the May 17, 2022 primary, a recount demand was due by June 21, 2022.  Plaintiff Wong made a demand for a recount on July 22, 2022, sixty days after the election. ECF 16-9 at 7 (Exh. H). Plaintiff Hindman-Allen sent a request for a "[f]ull hand recount" to Clackamas County on July 6, 2022, fifty days after the election.  ECF 16-11 at 1616 (Exh. I).

## C.    Defendants' Motion complied with Local Rule 7-1.

Sarah Foreman, counsel for the County Defendants, attempted to initiate a conferral with Plaintiffs on behalf of the County and State Defendants before filing the Joint Motion to

Dismiss on January 17, 2023. Declaration of Sarah Foreman ¶2. Defense counsel emailed Plaintiffs on January 9 to request a conference call on January 12. *Id.* ¶3. On Tuesday, January 10, defense counsel left both Plaintiffs a voicemail message attempting to set up a time to confer and subsequently emailed them. *Id.* ¶4. Later that day, Ms. Hindman-Allan returned defense counsel's call and said she and Ms. Wong were working on a response and she followed up with an email response. *Id.* ¶5. On January 11, Plaintiffs responded to the request for conferral. The response was difficult to understand, but they indicated they would not confer unless Defendants filed a "proper answer"; that they were unavailable on January 12; and that "we will inform you when, We, the Plaintiffs, are available for conferment." *Id.* ¶6. On January 11, counsel emailed Plaintiffs and asked for clarification. *Id.* ¶7. On January 12, they responded, but it did not provide clarity. *Id.* ¶8.

Defendants' efforts to confer were sufficient. *See* L.R. 7-1(a)(1)(B) (excusing lack of conferral when "[t]he opposing party willfully refused to confer").

**D.    Plaintiffs' claims should be dismissed without leave to amend.**

Federal courts allow pro se plaintiffs leave to amend their complaints "unless the pleading could not possibly be cured by the allegation of other facts." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). When a proposed amendment would be defeated on a motion to dismiss, it is futile. *See Roth v. Marquez*, 942 F.2d 617, 628–29 (9th Cir. 1991) (upholding a district court's refusal to grant leave to amend after a responsive pleading because the proposed amendment "would have been … defeated on a motion for summary judgment" and was futile.).

**1.    Plaintiffs' original claims are futile.**

"Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Plaintiffs' existing allegations

foreclose any amendment that would successfully plead a federal claim. For example, Plaintiffs allege that the Secretary of State investigated their allegations that observers were admitted to the election office on an unequal basis, albeit in response to another candidate's request rather than their requests. ECF 1, ¶21; ECF 16-9 at 14. Plaintiffs also allege that the eight Clackamas County contests that were fully recounted uncovered no substantial variations from the certified results. ECF 16-8. These allegations, along with the rest of the history of communications between the Plaintiffs and state and county elections officials, foreclose Plaintiffs from stating any federal claim.

**2.    Plaintiffs' negligent infliction of emotion distress claim is futile.**

For the first time in Plaintiffs' Response and Objection to Defendants' Motion to Dismiss, they insert a claim for "Negligent Infliction of Emotional Stress." ECF 16 at 27, (¶¶23-26). Plaintiffs claim distress caused by discovering "the issues surrounding the election dispute" and from having to "digest a lifetime's worth of legal knowledge." *Id.* Negligent infliction of emotional distress (NEID) is a tort claim arising under state law and thus is governed by the Oregon Tort Claims Act. *See* ORS 30.265(2)-(3) (instructing that "the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties ... is an action against the public body" only). Plaintiffs should not be granted leave to amend the complaint to state such a claim because doing so would be futile.

**a.    NEID claims against State Defendants are barred by sovereign immunity.**

"[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121 (1984). The Oregon Tort Claims Act waived the State's immunity from suit in state court, but "a State's waiver of

sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Id.* at 99 n.9. Although "the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal courts for those torts. Therefore, this court has no subject matter jurisdiction over this claim." *Blair v. Toran*, No. CV-99-956-ST, 1999 WL 1270802, at \*23 (D. Or. Dec. 2, 1999) (granting motion to dismiss), *aff'd*, 12 F. Appx 604 (9th Cir. 2001). Thus, this Court has repeatedly held that the OTCA "does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court." *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013); *accord, e.g.*, *Est. of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The Oregon Tort Claims Act is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court."). Plaintiff's NIED claim against the State Defendants is therefore barred by the OTCA and the Eleventh Amendment, and the court should dismiss the claim.

   b.    **Plaintiffs cannot state a NIED claim**

Plaintiffs' allegations are also insufficient to state a claim.  Oregon courts adhere to the physical impact rule, which requires an actual physical injury to support damages for emotional distress. *Bryant v. Allstate Indemnity Company*, 2022 WL 1910128, at \*4, (D. Ct. Or. June 3, 2022), citing, *Paul v. Providence Health Sys.-Oregon*, 351 Or. 587, 597 (2012).  There are three identified exceptions allowing for "psychic injury": (1) "where the defendant intended to inflict severe emotional distress"' (2) "where the defendant intended to do the painful act with knowledge that it will cause grave distress, when the defendant's position in relation to the plaintiff involves some responsibility  aside from the tort itself"; and (3) "where the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent." *Hammond v. Cent. Land Commc'ns Ctr.*, 312 Or. 17, 22-23 (1991).  With regard to the third exception the predicate legally protected interest must

be of "sufficient importance as a matter of public policy to merit protections from emotional

impact." *Tomlinson v. Metro Pediatrics, LLC*, 275 Or. App. 658, 682 (2015), *aff'd* 362 Or. 431

(2018).

      In *Bryant v. Allstate*, the opinion summarized the following: "[C]ourts have refused to

recognize a variety of other arguably important public interests under the third *Hammond*

exception. *See, e.g., Alford v. City of Cannon Beach*, No CV 00-303-HU, 2000 WL 33200554,

at * 19 (D. Or. Jan. 17, 2000) (refusing to recognize an exception for violations of anti-

discrimination laws); *McCulloch v. Price Waterhouse LLP*, 157 Or. App. 237, 250-52 (1998)

(declining to find an exception for receiving negligent financial advice, even when the

accountant recklessly violated fiduciary obligations); *Hilt v. Bernstein*, 75 Or. App. 502, 514-15

(1985) (refusing to find an exception for an attorney's alleged negligence that resulted in the loss

of the client's home)." *Bryant v. Allstate Indemnity Company*, 2022 WL 1910128, at *4 (D. Or.

June 3, 2022).

      Furthermore, "[f]ederal court decisions are unanimous in holding that litigation-induced

stress may not be recovered as damages." *Picogna v. Bd. Of Educ. Of Tp. Of Cherry Hill*, 143

N.J. 391, 397-99 (1996). In a negligence action against a government employer, Judge Posner

observed: "It would be strange if stress induced by litigation could be attributed in law to the

tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby

multiplying his damages…." *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir 1983); see

*Timms v. Rosenblum*, 713 F. Supp. 948, 955 (E.D. Va. 1989), *aff'd*, 900 F.2d 256 (4th Cir.

1990)(denying recovery for litigation-induced stress in legal malpractice case because mental

anguish attends all litigation); *Clark v. United States*, 660 F. Supp. 1164, 1200 (W.D. Wash

1987), *aff'd* 856 F.2d 1433 (9th Cir. 1988) (suggesting that although stress of litigation is caused

by the underlying harm, pursuit of litigation is a matter of choice). In an Oregon Supreme Court

case, the court opined that plaintiff "did not suffer any anxiety or emotional distress for which

the law usually allows damages, since these types of stress are inherent in most litigation."

*School Distr. No. 1, Multnomah County v. Nilsen*, 271 Or. 461, 485 (1975).

Plaintiffs do not and cannot allege facts sufficient to support a claim for NEID against the County defendants and, therefore, they should not be allowed to amend the Complaint and insert this claim.

### III.    CONCLUSION

The complaint should be dismissed.


Respectfully submitted this 14th day of February, 2023.


STEPHEN L. MADKOUR
CLACKAMAS COUNTY COUNSEL

/s/ Sarah Foreman
Sarah Foreman, OSB No. 042859
Assistant County Counsel
E-mail:   sforeman@clackamas.us
Stephen L. Madkour, OSB No. 941091
E-mail: smadkour@clackamas.us
Of Attorneys for Defendants Sherry Hall,
Catherine McMullen, Rebekah Doll, And
Burke Jones, and the Clackamas County
Clerk's Office


/s/ Brian Simmonds Marshall
Brian Simmonds Marshall, OSB No. 196129
Senior Assistant Attorney General
Bijal C. Patel, OSB No. 224694
Assistant Attorney General
Telephone: (971) 673-1880
Fax: (971) 673-5000
Brian.S.Marshall@doj.state.or.us
Bijal.C.Patel@doj.state.or.us
Of Attorneys for Shemia Fagan, Deborah
Scroggin, Molly Woon, Alma Whalen, Bob
Roberts, and the Office of the Secretary of the
State of Oregon

CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a true and correct copy of the foregoing REPLY IN

SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS, on:

Mei Wong
13203 SE 172nd Avenue
Suite 166, No. 749
Happy Valley, OR 97086
danaandmei2@gmail.com

_x_  First Class Mail
_x_  E-serve
_x_  E-mail

Dana Hindman-Allen
13203 SE 172nd Avenue
Suite 166, No. 749
Happy Valley, OR 97086
danaandmei2@gmail.com

_x_  First Class Mail
_x_  E-serve
_x_  E-mail

DATED February 14, 2023.

STEPHEN L. MADKOUR
CLACKAMAS COUNTY COUNSEL

/s/ Sarah Foreman
Sarah Foreman, OSB No. 042859
Assistant County Counsel
E-mail:  sforeman@clackamas.us
Stephen L. Madkour, OSB No. 941091
E-mail: smadkour@clackamas.us
Of Attorneys for Defendants Sherry Hall,
Rebekah Doll, Burke Jones, and the
Clackamas County Clerk's Office